## ILLENDEN v ILLENDEN

1. EVIDENCE—EXCLUSION—OFFER OF PROOF.

Errors in the exclusion of testimony should not upset a judgment unless a substantial injustice has resulted; it is essential for trial counsel to make an offer of proof with regard to the excluded testimony so that the trial court can rule intelligently and the appellate court may determine whether the exclusion of such evidence has resulted in a substantial injustice; such an issue will not be preserved for appeal in the absence of an appropriate offer of proof.

2. TRIAL—PRETRIAL CONFERENCE—DOCUMENTARY EVIDENCE—EXCLUSION—COURT RULES.

One of the primary goals of a pretrial conference is to consider the admission of documentary evidence, thereby shortening the trial proceeding; therefore it was not error for the trial court to exclude documentary evidence produced for the first time at trial where a pretrial statement directing disclosure of any proposed documentary evidence at least four weeks before trial had not been complied with (GCR 1963, 301.1[7]).

3. MOTIONS—MOTION TO DISMISS—COURT RULES.

A motion at the close of a plaintiff's proof for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief is available only in cases tried without a jury and the judge, in passing on the motion, may exercise his function as trier of the facts, weighing the evidence, passing upon the credibility of witnesses, and selecting between conflicting inferences, and if his resulting findings of fact leave the plaintiff unqualified for relief, the action is to be dismissed (GCR 1963, 504.2).

Appeal from Lenawee, Kenneth G. Prettie, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 33, 99.
[2] 53 Am Jur, Trial §§ 99, 111.
[3] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit, §§ 48, 50.

Submitted Division 2 February 12, 1973, at Lansing. (Docket No. 14814.) Decided April 26, 1973. Leave to appeal denied, 390 Mich 783.

Complaint by Richard Illenden against Carl W. Illenden and Charlotte H. Illenden to set aside a deed. Defendants' motion to dismiss granted. Plaintiff appeals. Affirmed.

*Bornstein, Wishnow & Young,* for plaintiff.

*Hammond, Baker & Kralick,* for defendants.

Before: McGREGOR, P. J., AND QUINN and PETERSON,* JJ.

McGREGOR, P. J. This appeal is the result of a dispute between two brothers over the title to family property. Defendant Carl Illenden has the deed to the family property in his name, and plaintiff Richard Illenden resorted to the courts to set aside this deed. Plaintiff claims that the defendant fraudulently obtained title to the family property, at the expense and to the detriment of the plaintiff; that defendant's deed to the family property is void and invalid, having been procured by defendant's exercise of undue influence over his mother at the time when defendant was in a fiduciary relationship with his mother.

Pretrial hearing in the matter was held on March 15, 1972, at which time the court entered a declaration which stated:

"We would have for exhibits the deed in question and the record in two prior cases between these parties. If there are any other exhibits to be offered, they should be shown to the opposite party I'd say at least four weeks before trial."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At the conclusion of trial, the court made a detailed finding of facts and conclusion of law from the bench, granting defendant's motion to dismiss.

After the death of plaintiff's and defendant's father, the family farm was deeded to Mabel Illenden, plaintiff Richard Illenden and defendant Carl Illenden, as joint tenants. Plaintiff claims that he helped his defendant brother work the family farm until he left the property in 1957. Plaintiff testified that the defendant ran the business end of the farm after their father died. It should be noted also that plaintiff Richard Illenden only saw his mother two times after 1957 until her death, about 11 years later.

Plaintiff sought to introduce into evidence a copy of a letter that he had received from his mother. Defendant objected to the admissibility of this letter on the basis that the pretrial statement had not been complied with, which objection was sustained by the trial court.

Defendant Carl Illenden acknowledged that his mother lived in the home located on the family property and was able to take care of herself up to the date of her death in 1968.

Defendant Carl Illenden testified that his mother executed her last will and testament on December 22, 1962, and that the will had been prepared by an attorney. The will was admitted into evidence over plaintiff's objection. One of the clauses of the will reads:

"FIFTH: I make no provision in this Will for my son, Richard S. Illenden, for the reason that I have already made adequate provision for the said Richard S. Illenden during my lifetime. It is my Will, and I so direct, that my son, Richard S. Illenden, shall not receive any part or portion of my estate."

Plaintiff also sought to introduce into evidence a mortgage, executed by Mabel Illenden with regard to the family property; defendant objected on the basis that the pretrial order had not been complied with, and the document was not admitted into evidence because of the lack of compliance with the pretrial statement.

Testimony introduced at trial indicates that there were two lawsuits involving these parties prior to the instant litigation: the first, around 1959, when Richard Illenden sued Carl Illenden and Mabel Illenden for an accounting, as a result of Richard Illenden's departure from the family property in 1957. This lawsuit resulted in a judgment of $5,752.50 for Richard Illenden. Around 1962, Mabel Illenden commenced an action against both Richard Illenden and Carl Illenden, for the purpose of taking title to the family property solely in her own name. This action resulted in a settlement, whereby Richard Illenden received $10,000 and Mabel Illenden received title to the family property in her own name. Subsequently, Mabel Illenden executed a quitclaim deed to Mabel Illenden and Carl Illenden as joint tenants with right of survivorship; this deed was prepared by an attorney and signed by Mabel Illenden on February 28, 1967.

Plaintiff first contends that the trial court committed reversible error by excluding plaintiff's testimony as to events occurring prior to 1957.

In analyzing this claim of error, we find that the plaintiff never made an offer of proof to demonstrate to the trial court the relevancy or probative value of testimony regarding events prior to 1957, although the record shows that considerable evidence concerning the relationship of the parties prior to 1957 was introduced.

Errors in the exclusion of testimony should not upset a judgment, unless a substantial injustice has resulted. GCR 1963, 529.1. It is essential for trial counsel to make an offer of proof with regard to the excluded testimony so that the trial court can rule intelligently and the appellate court may determine whether the exclusion of such evidence has resulted in a substantial injustice. GCR 1963, 604. The failure to make such an offer of proof precludes appellate review. *Bujalski v Metzler Motor Sales Co,* 353 Mich 493 (1958); *Kwaiser v Peters,* 6 Mich App 153 (1967), *aff'd* 381 Mich 73 (1968).

Plaintiff further contends that the trial court committed reversible error by ruling that a letter and mortgage instrument were inadmissible because of a failure to comply with the pretrial statement.

No separate record was made with regard to the letter or the mortgage. This lack of an offer of proof results in the inability of this Court to determine the probative value of the excluded evidence. This issue is not properly before this Court for review.

The primary goals of a pretrial conference are, among others, to facilitate the settlement of a pending suit, to simplify the factual and legal issues, and to consider the admission of documentary evidence, thereby shortening the trial proceeding. The pertinent provisions of GCR 1963, 301, read as follows:

".1 Scope of Conference. In every contested civil action the court shall direct the attorneys for the parties to appear before it for a conference to * * *

"(7) produce all proposed exhibits in the possession of the attorneys in support of the main case or defense

and admit the authenticity of such exhibits whenever possible; * * * ."

The trial court excluded from evidence both a letter and a real estate mortgage offered by the plaintiff. The trial court ruled that the pertinent portion of the pretrial statement had not been complied with and, therefore, these exhibits could not be received into evidence.

In his appellate brief, plaintiff does not even mention the contents of this "highly probative" letter. This Court cannot presume prejudice from a silent record. *Henson v Veterans Cab Co of Flint*, 384 Mich 486, 494 (1971). In addition, plaintiff's trial counsel did not make an offer of proof with regard to the mortgage.

Arguendo, assuming that the trial court may have erred in its ruling, a reversal is not warranted, as plaintiff's trial counsel failed to preserve the issue by making an appropriate offer of proof.

Plaintiff finally contends that the trial court did not apply the correct standard in ruling upon defendant's motion to dismiss, made at the close of plaintiff's case, and based on GCR 1963, 504.2.

In ruling upon a motion to dismiss, the trial court is not required to give the plaintiff the advantage of every inference and the most favorable interpretation of the evidence. Thus, the function of the trial court in ruling upon a motion to dismiss is very different from ruling upon a motion for a directed verdict. The difference is set forth in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 332–333:

"6. Involuntary Dismissal for Failure to Establish Right to Relief
"The second sentence of sub-rule 504.2 introduces an innovation in Michigan practice—a motion at the close

of plaintiff's proof for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In time and purpose, this motion is similar to the motion for a directed verdict, but it differs in that it is available only in cases tried without a jury. Consequently the function of the judge in passing upon the motion is different from his function in passing upon the motion for a directed verdict. The judge is not limited to determining whether plaintiff's evidence is legally sufficient to go to the jury. *He may exercise his function as trier of facts, weighing the evidence, passing upon the credibility of witnesses, and selecting between conflicting inferences, and if his resulting findings of fact leave the plaintiff unqualified for relief, the action is to be dismissed.* In response to this motion, there is no application of the usual rule on a motion for a directed verdict that plaintiff is to be given the advantage of every inference and the most favorable interpretation of the evidence. If the court renders judgment against the plaintiff under this provision, the judge is specifically required to make findings of fact as provided in Rule 517. The defendant can make a motion to dismiss under this provision without waiving his right to offer evidence of his own." (Emphasis added.)

Also see *David v Serges,* 373 Mich 442 (1964), and *Mutual Benefit Life Insurance Co v Abbott,* 9 Mich App 547 (1968).

It is clear that plaintiff's argument with regard to this issue is lacking in merit.

The trial court is to be complimented on his excellent finding of facts, as such is of considerable aid to this appellate court.

Affirmed.

All concurred.