HELZER v LOCAL 98, UNITED ASSOCIATION OF JOURNEYMEN
& APPRENTICES OF THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES AND CANADA

Docket No. 78-4874. Submitted January 9, 1980, at Detroit.—Decided
May 6, 1980.

Robert Helzer and several others brought an action against Local
98, United Association of Journeymen and Apprentices of the
Plumbing and Pipefitting Industry of the United States and
Canada, the joint apprenticeship committee of the local, and
others, seeking damages because of the termination of the
plaintiffs from an apprenticeship program. The union local and
its apprenticeship committee appeal from the judgment entered
against them in favor of plaintiffs Helzer, Ronald Lomasney,
Marcus Middleton, and Richard Schavillie in the St. Clair
Circuit Court, Ernest F. Oppliger, J. Plaintiff Stanley Slavin
cross-appeals from the judgment entered against him and in
favor of the defendants. *Held:*

1. The trial court properly held that the defendants had
breached their duty owed to the plaintiff under apprenticeship
agreements entered into between the plaintiffs and the prede-
cessor to the defendant local, which assumed the duties of the
predecessor upon a merger of the two locals.

2. The award of damages to Helzer, Middleton and Schavillie
was based upon a reasonably certain basis and was not clearly
erroneous.

3. The award of damages to Lomasney is reduced because the
trial court did not properly compute the damages.

4. The trial court's finding that plaintiff Slavin should take
nothing is not clearly erroneous.

Affirmed in part, reversed in part.

Damages — Amount of Damages — Reasonably Certain Basis.

A trial court need not compute damages with mathematical
exactness, but an award of damages must have a reasonably
certain basis.

Reference for Points in Headnote
[1] 22 Am Jur 2d, Damages § 25.

*Dee Edwards,* for plaintiffs.

*Boaz Siegel* and *Frederick B. Gold,* for defendants.

Before: R. M. Maher, P.J., and M. F. Cavanagh and Cynar, JJ.

Per Curiam. On November 6, 1978, plaintiffs Helzer, Middleton, Lomasney and Schavillie had judgment entered in their favor against the defendants. The defendants had judgment entered in their favor against plaintiff Slavin. Defendants-appellants appeal from the judgment entered against them. Plaintiff Slavin cross-appeals from the judgment entered against him and in favor of the defendants.

The trial court was correct in ruling that the defendants had assumed all rights and obligations of Local 777 by virtue of the merger agreement entered into between Local 777 and locals 98 and 936 on November 22, 1972. The trial court was correct in finding that the defendants-appellants had breached their duty owed the plaintiffs under the apprenticeship agreements entered into between the plaintiffs and Local 777.

Defendants' contentions of a valid annulment of the apprenticeship agreements and of a failure to exhaust administrative remedies on behalf of the plaintiffs are without merit. Additionally, the trial court's award of damages to plaintiffs Helzer, Middleton and Schavillie, based upon the formula outlined in its written opinion of August 24, 1978, is not clearly erroneous, GCR 1963, 517.1, and has a reasonably certain basis. The trial court need not compute damages with mathematical exactness. *Wolverine Upholstery Co v Ammerman,* 1 Mich App 235; 135 NW2d 572 (1965).

However, the trial court's award of damages to plaintiff Lomasney does not have a reasonably certain basis. The trial court was incorrect in reducing plaintiff Lomasney's actual earnings by the percentage of time that plaintiff Lomasney was voluntarily out of the job market. The 36.6% figure, representing the time which plaintiff Lomasney was unable to accept employment, should have been applied to all other elements of the formula for damages. Doing so, the trial court should have arrived at a total damage figure for plaintiff Lomasney of $15,395.29. The trial court's award of damages for plaintiff Lomasney is reduced and the trial court instructed to award damages not inconsistent with this opinion.

Plaintiff Slavin has cross-appealed against the defendants. The trial court ruled that Slavin would receive no damages because his testimony demonstrated that he had voluntarily left the construction industry to help a relative, in which case defendants should not be liable for damages. The record discloses that Slavin found employment in Port Huron with a welding firm after his apprentice-related job was terminated, but before he decided to move to Detroit to aid his relative. However, the record and exhibits do not indicate precisely when this move occurred. To the extent that the lower court overlooked the interim welding job in finding that Slavin had voluntarily left the industry, it erred. Such error does not, however, affect the validity of the trial court's conclusion, inasmuch as it is clear that Slavin failed to take the measures that his co-plaintiffs had in an effort to become accepted into the apprentice program. Thus, the lower court's ruling as it pertains to plaintiff Slavin is not clearly erroneous.

Affirmed in part; reversed in part.