JAFFE v HARRIS

Docket No. 54214. Submitted May 11, 1982, at Detroit.—Decided July 6, 1983. Leave to appeal applied for.

Emanuel J. Harris was both the sole general partner and a 50% limited partner in a limited partnership, the Book Building Company, formed in 1958. Lillian Jaffe and other limited partners, representing an 8% partnership interest in the partnership, originally brought claims against Harris in Wayne Circuit Court both individually and deriatively on behalf of the company, claiming Harris had committed three acts of wrongdoing: (1) withdrawing partnership funds without payment of interest at various times during annual fiscal years of Book Building; (2) increasing his management fee; and (3) using partnership money for his own expenses through undocumented travel and entertainment reimbursements. All withdrawals by Harris were repaid in full before the end of each fiscal year, but without payment of interest. Plaintiffs later moved to amend the complaint to add Arthur Young & Company, the accounting firm which audited the books and records of the Book Building Company for the years 1967-1976 as a party defendant, contending that Arthur Young was guilty of fraud and malpractice in that it had failed to conduct its audit of the company with due professional care because it failed to find or bring to the attention of plaintiffs Harris's wrongdoing. Defendants filed motions for summary judgment with respect to

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 217 et seq.
61A Am Jur 2d, Pleading §§ 315, 328, 330, 357.
Timeliness of amendments to pleadings made by leave of court under Federal Rule of Civil Procedure 15(a). 4 ALR Fed 123.
[2] 45 Am Jur 2d, Interest and Usury § 96.
Date of verdict or date of entry of judgment thereon as beginning of interest period on judgment. 1 ALR2d 479.
[3] 51 Am Jur 2d, Limitation of Actions §§ 106, 126.
[4] 22 Am Jur 2d, Damages § 22.
[5] 22 Am Jur 2d, Damages § 25.
[6] 45 Am Jur 2d, Interest and Usury §§ 41, 59, 78.
[7] 4 Am Jur 2d, Appeal and Error § 105.

the derivative claims on the ground that plaintiffs had failed to state a cause of action upon which relief could be granted. The motions were granted by the pretrial judge, Thomas J. Brennan, J. Plaintiffs appealed, and the Court of Appeals reversed and held that plaintiffs could maintain a derivative suit on behalf of the partnership, 109 Mich App 786; 312 NW2d 381 (1981), *lv den* 414 Mich 925 (1982). That decision was rendered after the parties had proceeded to trial on their individual claims. The trial court, William J. Giovan, J., dismissed plaintiffs' claim of fraud and malpractice against defendant Arthur Young & Company, but granted recovery to plaintiffs on their management fee claim against Harris, ruled that Harris was guilty of fraudulent concealment of the cause of action relating to improper withdrawals made from 1960 to 1973, and concluded that it had discretion to award interest as damages utilizing varying rates of interest each year with such interest to be compounded annually from the date of the first withdrawal by Harris. Defendant Harris appeals and plaintiffs cross-appeal. Defendant cross-appellee Arthur Young & Company contends that defendants are entitled to an award of damages and expenses on appeal for the reason that plaintiffs' cross-appeal is frivolous and without merit. *Held:*

1. The instant appeal should not be transformed into and proceed as a derivative suit as the result of the Court of Appeals decision in the earlier appeal in the derivative claims decision.

2. The management fee claim was not barred by the six-year period of limitation for a contract action.

3. The trial court was correct in finding plaintiffs entitled to reimbursement for the increase in management fees paid to Harris between January 1, 1970, and January 24, 1973. There was no assent to the additional compensation.

4. The trial court improperly awarded interest on the management fee claim for the period preceding commencement of the action. Interest should be awarded as interest on judgment, and the date of the filing of plaintiffs' action is the date of the original complaint in 1974, not the date of plaintiffs' intervention as defendant contends.

5. The pretrial judge's ruling that there was no fraudulent concealment on the part of defendant Arthur Young & Company does not apply equally to defendant Harris. The issue of fraudulent concealment on the part of defendant Harris was not properly before the trial judge because Harris failed to make a pretrial motion on the issue. Therefore, the trial court

properly made an independent determination as to the issue of fraudulent concealment on the part of Harris.

6. The trial court's ruling that Harris was guilty of fraudulent concealment was not clearly erroneous.

7. Harris's claim that the applicable period of limitation for the withdrawal issue is three years where plaintiffs seek damages for loss of financial expectation is rejected. The six-year period of limitation applies.

8. Plaintiffs sufficiently demonstrated the basis of their individual recovery of interest as damages utilizing varying rates of interest each year with such interest to be compounded annually from the date of the first withdrawal by Harris, and the risk of uncertainty as to the extent of said recovery was properly cast upon defendant Harris as the wrongdoer.

9. The damages awarded had a reasonably certain basis and the trial court's findings were not clearly erroneous since each rate of interest utilized was supported by competent evidence.

10. The trial court did not exceed its authority by determining that the interest to be paid as damages should be compounded.

11. The trial court did not improperly allow a rate of interest higher than the statutory rate after the commencement of the action.

12. The trial court's ruling by which plaintiffs' claim with respect to the issue of management expenses was dismissed was proper and not clearly erroneous.

13. Plaintiffs' contention that the trial court improperly dismissed plaintiffs' fraud claim against Arthur Young & Company is without merit.

14. The trial court did not improperly dismiss plaintiffs' malpractice claim against Arthur Young & Company.

15. The trial court's rejection of plaintiffs' expert testimony explaining plaintiffs' continuing duty theory as to defendant Arthur Young & Company was not clearly erroneous.

16. Plaintiffs' cross-appeal was neither frivolous nor vexatious.

Affirmed with modifications.

1. PLEADING — AMENDMENT OF PLEADINGS — LIMITATION OF ACTIONS — COURT RULES.

The court rules permit amendment of pleadings where the amendment arises out of the conduct, transaction, or occurrence alleged in the original pleading sought to be amended without regard to whether a new cause of action is stated, and

the amendment relates back to the date of the original pleading so as not to be barred by an intervening period of limitation; new parties may be added where the original plaintiff had an interest in the subject matter of the controversy in any capacity either before or after the commencement of suit (GCR 1963, 118.4).

2. INTEREST — JUDGMENTS — PLEADING.

Interest on a money judgment is properly taxed as of the date the original complaint was filed regardless of any amendment since any amendment relates back to the date of the original pleading (MCL 600.6013; MSA 27A.6013; GCR 1963, 118.4).

3. LIMITATION OF ACTIONS — FINANCIAL EXPECTATIONS — OWNERSHIP OF PROPERTY.

An action is governed by the general six-year statute of limitations where plaintiffs are seeking damages to their financial expectations and economic benefit which they had a right to expect from the ownership of their property (MCL 600.5807[8]; MSA 27A.5807[8]).

4. DAMAGES — TRIAL — SPECULATIVE DAMAGES.

The requirement that damages be certain is relaxed where the fact of damage is proven and the only question to be decided is the extent of the damage; where damages cannot be measured with certainty, the risk of uncertainty should be cast upon the wrongdoer, not the injured party.

5. DAMAGES — CALCULATION OF DAMAGES.

A trial court need not compute damages with mathematical exactness, but an award of damages must have a reasonably certain basis.

6. DAMAGES — INTEREST AS DAMAGES — COMPOUNDING OF INTEREST.

The statute providing for interest on judgments at a rate per annum from the date of filing of the complaint does not allow a trial court to compound the interest from the date of filing; the statute provides for only simple interest from the date of filing; however, in a case where interest which has been unpaid over a period of time is awarded as damages, the interest may be compounded.

7. APPEAL — TRIAL — MOTION TO DISMISS.

A trial court's ruling on a motion to dismiss will not be overturned on appeal unless it is clearly erroneous, with the evidence manifestly preponderating contrary to the decision.

*Miller, Canfield, Paddock & Stone* (by *Michael W. Hartmann)*, for plaintiffs.

*Honigman, Miller, Schwartz & Cohn* (by *Robert A. Fineman)*, for defendant-appellant Emanuel J. Harris.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Lawrence G. Campbell* and *Timothy H. Howlett)*, for defendant-cross-appellee Arthur Young & Company.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

PER CURIAM. Defendant Harris appeals and plaintiffs cross-appeal a bench opinion of the Wayne County Circuit Court. Plaintiffs also appeal the trial court's ruling dismissing plaintiffs' claim of fraud and malpractice against defendant Arthur Young & Company.

Defendant Harris is the general partner of the Book Building Company, a Michigan limited partnership formed in 1958. Plaintiffs are limited partners of said company representing an 8% partnership interest. Defendant Arthur Young is an accounting firm which audited the books and records of the Book Building Company for the years 1967-1976. Further facts will be added where necessary in the discussion of the issues.

Before considering the merits of this appeal, we first must determine what effect, if any, an October 6, 1981, decision by this Court had on the instant action. Originally plaintiffs brought derivative claims on behalf of said company. Defendants filed motions for summary judgment with respect to the derivative claims. The motions were granted by the pretrial judge. Plaintiffs appealed the order

granting summary judgment to this Court. We reversed the trial court, holding that plaintiffs could maintain a derivative suit on behalf of the partnership. See *Jaffe v Harris,* 109 Mich App 786; 312 NW2d 381 (1981), *lv den* 414 Mich 925 (1982). That decision, however, was rendered after the parties had proceeded to trial on their individual claims. Plaintiffs assert that, as a result of our earlier decision, the instant appeal should be transformed into and proceed as a derivative suit. We disagree. The trial court made its findings based on plaintiffs' individual claims. To now view plaintiffs' claims as derivative would considerably alter the posture of this appeal. Accordingly, we conclude that the instant appeal is to proceed, as did the trial at issue, on plaintiffs' individual claims.

Defendant Harris claims the trial court improperly granted plaintiffs' recovery upon the management fee claim. The trial court found that there was no agreement by the limited partners to amend the partnership agreement so as to increase the management fee and that plaintiffs were entitled to their allocable share of said fee retroactive for the period to January 1, 1970. Defendant Harris raises three objections to the trial court's findings. First, he claims the management fee claim is barred by the six-year period of limitation for a contract action. MCL 600.5807(8); MSA 27A.5807(8). We disagree. We hold that the trial court was correct in setting the commencement of plaintiffs' action at the time of former plaintiff Jaffe's commencement of the action in 1974. See GCR 1963, 118.4; *Plowman v Satkowiak,* 22 Mich App 425; 177 NW2d 641 (1970); *Doan v Chesapeake & O R Co,* 18 Mich App 271; 171 NW2d 27 (1969). Second, defendant claims plain-

tiffs are not entitled to reimbursement for the increase in management fees paid to defendant between January 1, 1970, and January 24, 1973. We disagree. Defendant's implied assertion that the relations between the parties were such as to justify his expectation of a reply to a 1970 letter is unsubstantiated by the record. Looking to the acts of the parties and applying an objective standard, *Banque de Depots v National Bank of Detroit,* 491 F2d 753 (CA 6, 1974), it is apparent that the plaintiffs relied on ¶ V of the partnership agreement as setting the maximum management fee and reasonably believed that said fee could not be increased via a mere letter to the partners. The trial court was correct in finding no assent to the additional compensation. We agree with defendant Harris's final objection that the trial court improperly awarded interest on the management fee claim for the period preceding commencement of the action. Interest should be awarded as interest on judgment. MCL 600.6013; MSA 27A.6013. However, we hold the date of the filing of plaintiffs' action to be the date of the original complaint in 1974, not the date of plaintiffs' intervention as defendant contends. *Michigan Mutual Liability Co v Staal Buick, Inc,* 41 Mich App 625; 200 NW2d 726 (1972); *Oakwood Homeowners Ass'n, Inc v Marathon Oil Co,* 104 Mich App 689; 305 NW2d 567 (1981).

Next, defendant Harris claims that the trial court improperly failed to apply the appropriate statute of limitations with regard to the withdrawal issue. The trial court ruled that defendant Harris was guilty of fraudulent concealment of the cause of action relating to improper withdrawals made from 1960 to 1973. Harris allegedly used the money for his own personal use and returned it at

the end of the year without compensating the partnership for the use of the funds. Defendant Harris raises several objections. First, defendant claims the pretrial judge's ruling that there was no fraudulent concealment on the part of defendant Arthur Young applied equally to him. We disagree. Defendant Harris neglected to make a pretrial motion as to the issue of fraudulent concealment and hence the issue was not properly before the pretrial judge. The trial court properly made an independent determination as to the issue of fraudulent concealment on the part of defendant Harris.

Second, defendant Harris claims the trial court's ruling that he was guilty of fraudulent concealment was clearly erroneous. We disagree. See MCL 600.5855; MSA 27A.5855; *De Haan v Winter,* 258 Mich 293, 296; 241 NW 923 (1932). Moreover, see *Van Stee v Ransford,* 346 Mich 116; 77 NW2d 346 (1956); *Penner v DeNike,* 288 Mich 488; 285 NW 33 (1939); *Gaetzi v Carling Brewing Co,* 205 F Supp 615, 620 (ED Mich, 1962). Finally, we reject defendant's claim that the applicable period of limitation for the withdrawal issue is three years where plaintiffs seek damages for loss of financial expectation as in the instant case. This action is governed by the six-year period of limitation. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975); *George v Petoskey,* 55 Mich App 433; 223 NW2d 6 (1974).

Defendant Harris also claims that the trial court utilized an improper measure of damages with respect to the withdrawal claim. The trial court concluded that it had discretion to award interest as damages utilizing varying rates of interest each year with such interest to be compounded annually from the date of the first withdrawal. Defen-

dant Harris makes four objections to this ruling which will be discussed *seriatim.* First, defendant claims that plaintiffs failed to prove a right to an individual recovery. We find that plaintiffs sufficiently demonstrated the basis of their recovery, and the risk of uncertainty as to the extent of said recovery was properly cast upon defendant Harris as the wrongdoer. See *Hayes-Albion Corp v Kuberski,* 108 Mich App 642, 653-656; 311 NW2d 122 (1981). Second, defendant Harris claims that the trial court improperly awarded interest at variable rates as damages. A review of the findings herein reveals that the damages awarded had a reasonably certain basis. Moreover, the findings were not clearly erroneous since each rate of interest utilized was supported by competent evidence. See *Killefer v McClain,* 78 Mich 249; 44 NW 405 (1889); 25 CJS, Damages, § 92(1), p 986; *Helzer v Local 98, United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Ind of United States & Canada,* 97 Mich App 376; 296 NW2d 28 (1980). Third, defendant Harris claims that the trial court exceeded its authority by determining that the interest to be paid as damages should be compounded. We disagree. See *Perrin v Lepper,* 72 Mich 454, 555; 40 NW 859 (1888); *Schwartz v Piper Aircraft Corp,* 90 Mich App 324, 326; 282 NW2d 306 (1979). Finally, defendant Harris claims that the trial court improperly allowed a rate of interest higher than the statutory rate after the commencement of the action. Again, we disagree. The interest awarded in the instant case was the damage. The damages continued after suit was filed since Harris did not repay the funds. We agree with the trial court that Harris would recieve a substantial unjustified benefit if we were to only allow the legal rate of 6% after 1974. See *Perrin, supra.* He would have received the benefit of the

use of the funds at less than the market rates even though he was an admitted wrongdoer. Moreover, in contrast to *Vannoy v City of Warren,* 26 Mich App 283; 182 NW2d 65 (1970), there is no indication that the computation of interest utilized herein resulted in a double recovery.

Plaintiffs contend on cross-appeal that the trial court improperly dismissed plaintiffs' claim with respect to the issue of management expenses. Our review of the record and the applicable paragraphs of the limited partnership agreement reveals that the trial court's ruling was proper and not clearly erroneous. See GCR 1963, 504.2; *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386, 389; 239 NW2d 380 (1976); *Illenden v Illenden,* 46 Mich App 710, 715-716; 208 NW2d 565 (1973), *lv den* 390 Mich 783 (1973).

With regard to defendant Arthur Young, plaintiffs first contend that the trial court improperly dismissed plaintiffs' fraud claim. This contention is without merit. See *Cormack v American Underwriters Corp,* 94 Mich App 379, 385; 288 NW2d 634 (1979); *Kwasny v Driessen,* 42 Mich App 442; 202 NW2d 443 (1972). Additionally, plaintiffs contend that the trial court improperly dismissed plaintiffs' malpractice claim. We disagree. See MCL 600.5838; MSA 27A.5838; MCL 600.5805; MSA 27A.5805. We further find that the trial court's rejection of plaintiffs' expert testimony explaining plaintiffs' continuing duty theory was not clearly erroneous. See *Illenden, supra; Warren, supra.*

Finally, we reject defendant Arthur Young's claim that defendants are entitled to an award of damages and expenses on appeal for the reason that plaintiffs' cross-appeal is frivolous and without merit. We hold that plaintiffs' appeal is nei-

ther frivolous nor vexatious. *Molony-Vierstra v Michigan State University,* 101 Mich App 353; 301 NW2d 18 (1980).

Affirmed with modifications in accordance with this opinion.