**MANLEY, BENNETT, McDONALD & CO., a Michigan limited co-partnership, Plaintiff,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, a foreign corporation, Defendant.**

No. 91–75557.

United States District Court, E.D. Michigan, S.D.

Dec. 7, 1992.

---

Robert S. Krause, Brian K. Cullin, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, for plaintiff.

Merle R. Jenkins, Jenkins Nystrom & Hitchcock, Troy, MI, for defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

Before me is St. Paul Fire & Marine Insurance Company's ("St. Paul") motion for rehearing of my June 22, 1992 Opinion and Order holding that St. Paul had a duty to indemnify Manley, Bennett, McDonald & Company ("MBM") for amounts paid in settlement of underlying claims. 792 F.Supp. 1070. In my June 22, 1992 Opinion and Order in this case, I held that the Stockholder Blanket Bond and the Stockholders Partnership Bonds issued by St. Paul to MBM contained a duty to indemnify MBM for the amount paid in settlement of the underlying claims. As described in that Opinion, MBM paid $60,000 in settlement of the underlying Roth and Tirone actions. Thus, I granted MBM's motion for summary judgment against St. Paul for the $60,000 it paid in settlement of the Roth/Tirone actions.

St. Paul now moves for a rehearing on this issue. St. Paul contends that its duty to indemnify MBM for settlement costs depends upon the factual determination of whether MBM is vicariously liable for the acts of its partners and employees. St. Paul argues that only certain acts create liability under the bonds: acts within the scope of a partner's authority which are not ratified by the partnership and acts outside the scope of authority of a partner. Because the underlying actions were settled, it was never determined whether the acts alleged in the Roth/Tirone actions actually constituted a covered loss under the bonds. Thus, St. Paul alleges that there must be a factual record to determine if the alleged acts in the underlying action are covered under the bonds before I can grant MBM's motion for summary judgment.

In support of its argument, St. Paul cites the case of *Bralko Holding, Ltd. v. Insurance Co. of North America,* 193 Mich.App. 157, 483 N.W.2d 929 (1992). In that case, the court held that there is no duty to indemnify under a Broker's Blanket Bond unless there is a proven loss. The Michigan Court of Appeals held that a Broker's Blanket Bond only indemnifies the insured against loss, not against liability. The court explained:

There is a well-recognized difference between contracts of indemnity against loss and contracts of indemnity against liability. In the former, the insurance company does not become liable until the insured has suffered a proven loss, whereas in the latter, the obligation of the insurance company becomes fixed when the liability attaches to the insured.

*Id.* at 160, 483 N.W.2d 929. In *Bralko Holding, Ltd.,* the plaintiff first sued the insured and received a judgment for the return of commissions that were improperly received. The plaintiff then sued the insurance company under a Broker's Blanket Bond it issued to the insured to collect the judgment. The Michigan Court of Appeals held that the insured did not incur a loss under the bond. The court reasoned that the insured was never entitled to the commission, so it did not suffer a loss. Thus, the court held that because there was no loss to the insured, the insurance company was not liable under the bond.

St. Paul alleges that under the holding in *Bralko Holding, Ltd.,* there is no duty to indemnify until there is a proven loss. St. Paul contends that a proven loss is equated with a covered loss under the bonds. Thus, it argues that I cannot grant MBM's motion for summary judgment until an adequate factual record exists in order to determine if the acts complained of in the Roth/Tirone actions are covered under the bonds.

St. Paul's contention that there is no record upon which to base my decision granting MBM's motion for summary judgment for indemnity on the amounts paid in settlement of the Roth/Tirone actions is groundless. An adequate record exists.

The complaints filed against MBM in the Roth/Tirone actions demonstrate that the alleged acts committed by MBM partners and employees constitute a covered loss under the Blanket and/or Partnership Bonds.

Additionally, I previously dismissed St. Paul's contention that the acts complained of in the Roth/Tirone actions are not covered under the bonds. At the June 11, 1992 hearing on MBM's motion for summary judgment, St. Paul argued that the alleged acts complained of in the underlying actions do not constitute a covered loss under the bonds. It claimed that both the Tirone and Roth complaints alleged the wrongdoing of MBM *itself,* not of any MBM partners or employees, a distinction under which St. Paul contends there is no coverage under the bonds. I addressed this argument in my June 22, 1192 Opinion and Order. Under partnership law, when partners act within the scope of their authority, their acts are imputed to the partnership. Thus, the fact that these actions were brought against MBM instead of individual partners is of no consequence. The allegation in the Roth/Tirone complaints also demonstrates that the plaintiffs in those actions argued that MBM was liable for the fraudulent or dishonest acts of its partners, and that their actions are imputable to the partnership.

ACCORDINGLY, an adequate record exists, upon which I based my June 22, 1992 Opinion that St. Paul has a duty to indemnify MBM for the amounts paid in settlement of the underlying claims. Thus, St. Paul's motion for rehearing is hereby DENIED.

IT IS SO ORDERED.