MANLEY, BENNETT, McDONALD
& CO., Plaintiff,

v.

ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, a foreign cor-
poration, Defendant.

No. 91–CV–75557.

United States District Court,
E.D. Michigan, S.D.

April 27, 1993.

or affirmative government misconduct, and did not result in any detriment to Cawley.

9. See footnote 1, *supra.*

## OPINION AND FINAL JUDGMENT ORDER

FEIKENS, District Judge.

In an Opinion and Order dated June 22, 1992 I ruled that defendant St. Paul Fire & Marine Insurance Co. is obligated, by virtue of two bonds it issued to plaintiff Manley, Bennett, McDonald & Co., to defend and indemnify plaintiff against certain third party claims. After the claims were resolved through settlement, plaintiff initiated this action against St. Paul for reimbursement of legal fees and the cost of settlement associated with its defense of these claims. On December 5, 1992, I denied defendant's motion for reconsideration. 807 F.Supp. 1287. Now St. Paul must reimburse plaintiff for plaintiff's defense and settlement costs.

Plaintiff incurred legal fees over a period of several years, beginning in 1976 and ending in 1991, totaling $461,166.39. Plaintiff settled the underlying claims for a total of $60,000. Both plaintiff and defendant agree that some interest should be added to these expenses as an element of damages. Without it plaintiff would not be fully compensated.[1] They do not agree, however, on an interest rate. As a consequence, plaintiff filed a Motion for Entry of Judgment; and a hearing was held on April 8, 1993. I now grant plaintiff's motion and award interest on plaintiff's attorney fees and settlement costs as detailed below.

The parties do not dispute that Michigan's judgment interest statute, M.C.L. § 600.-6013, applies from the date plaintiff's complaint was filed until payment is made. My calculation of plaintiff's damages will include accrued common law pre-complaint interest up to the date plaintiff's Complaint was filed, but no further.

---

**1.** In Michigan, a common law right to interest as an element of damages exists when the value of those damages could have been easily ascertained at the time of injury and a demand for payment was made. See, e.g., *Banish v. City of Hamtramck,* 9 Mich.App. 381, 157 N.W.2d 445 (1968); *Gordon Sel–Way, Inc. v. Spence Brothers, Inc.,* 438 Mich. 488, 499, 475 N.W.2d 704 (1991). Plaintiff's legal fees and settlement costs satisfy this requirement. In diversity actions, as this case is, interest is determined in accordance with state law. 28 U.S.C. § 1961; *Massachusetts Benefit Association v. Miles,* 137 U.S. 689, 11 S.Ct. 234, 34 L.Ed. 834 (1891). Other jurisdictions, including federal, recognize a right to common law pre-complaint interest. See, e.g., *United States v. Texas,* —— U.S. ——, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993) (noting that federal district courts "retain discretion to choose the appropriate rate" when awarding federal common law prejudgment interest).

## ANALYSIS

■ Defendant relies on M.C.L. § 438.7 and M.C.L. § 438.31, and argues that these statutes limit pre-complaint interest to 5% simple interest per year. M.C.L. § 438.31 is Michigan's usury statute. It limits the "interest of money" to 5%, with exceptions not applicable here. M.C.L. § 438.7, which has remained virtually unchanged since 1838, allows for interest in contract cases "whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party by verdict, report of referee, awards of arbitrators, or by assessment made by the clerk of the court, or by any other mode of assessment according to law". Michigan law requires use of the interest rate specified in M.C.L. § 438.31 when M.C.L. § 438.7 applies. *Gordon Sel–Way, Inc. v. Spence Brothers, Inc.*, 438 Mich. 488, 506, 475 N.W.2d 704 (1991).

Plaintiff argues that neither M.C.L. § 438.7 nor M.C.L. § 438.31 is applicable. Rather, it insists that the appropriate rate of interest for the period preceding the date its complaint was filed is a matter of common law, not limited by statute. In other words, plaintiff contends it is within my discretion to award whatever interest I find will fully compensate plaintiff for the lost use value of its money from the point of expenditure to the date of complaint. Without an award of interest reflecting the market value of money, plaintiff claims that defendant will be unjustly enriched by its delay in payment. This could create an incentive for parties in other cases to delay payment until a complaint is filed.

## Does M.C.L. § 438.7 Apply?

■ M.C.L. § 438.7 does not apply in this case, because plaintiff's damages were not liquidated by any of the methods specified in the statute. The U.S. Court of Appeals for the Sixth Circuit discussed the distinction between jury awards of interest as an element of damages and application of the precursor to M.C.L. § 438.7 in *Herman H. Hettler Lumber Co. v. Olds*, 242 F. 456 (6th Cir.1917). That case involved one party's failure to pay a sum certain for lumber it had contracted to buy from the other. The court concluded that juries have the power to award interest as an element of damages; and that this power is not limited by M.C.L. § 438.7.

■ In this case, plaintiff's damages were liquidated at the time its legal fees and settlement costs were incurred. M.C.L. § 438.7 does not apply. That statute was designed for situations in which some sort of legal assessment is required before damages can be ascertained. *Hettler Lumber*, at 459.[2]

## Does M.C.L. § 438.31 Apply?

■ A separate question involves application of M.C.L. § 438.31. As noted above, this is Michigan's usury statute. It could limit the rate of common law interest even if M.C.L. § 438.7 does not apply. Although interest as an element of damages is a common law matter, many American jurisdictions limit its rate to the "legal rate" specified by statute. See 22 Am.Jur.2d, Damages § 650.

The case law in Michigan is sparse and inconsistent on this point. However, at least

2. Defendant relies on two Workers' Compensation cases to support its argument that M.C.L. § 438.7 should apply. *Wilson v. Doehler–Jarvis*, 358 Mich. 510, 100 N.W.2d 226 (1960); and *Solakis v. Roberts*, 395 Mich. 13, 233 N.W.2d 1 (1975). Taken together, these cases require Workers' Compensation referees to award interest on past-due compensation from the date the injured worker became entitled to benefits under the terms of the statute. The right to interest in this situation stems from M.C.L. § 438.7, and the rate is limited by M.C.L. § 438.31. This holding appears to conflict with *Gordon Sel–Way, supra*, fn. 1. In that case, arbitrators of a contract dispute were free to award whatever interest they deemed appropriate for the time preceding their award. It was only after the date of the award that M.C.L. § 438.7 and 438.31 applied. The statutory nature of Workers' Compensation awards was emphasized in both *Solakis* and *Doehler–Jarvis*. The right to Workers' Compensation is a statutory right in derogation of the common law. If M.C.L. § 438.7 did not apply, no pre-award interest would be available at all. Moreover, in Workers' Compensation cases a "mode of assessment according to law" is required to ascertain the worker's damages, making M.C.L. § 438.7 facially applicable. Plaintiff, on the other hand, is entitled to reimbursement from defendant as a matter of common law; no statute is needed to secure this right.

one recent Michigan case allowed per-complaint compound interest in excess of 5% per year. *Jaffe v. Harris*, 126 Mich.App. 813, 338 N.W.2d 228 (1983), rev'd. in part, lv. den. in part, 419 Mich. 942, 355 N.W.2d 617 (1984). The Michigan Standard Jury Instructions also indicated that the rate of pre-complaint interest is not limited by statute. SJI2d 53.14.

In *O'Brien v. Chateau Grand Travers, Ltd.*, 62 B.R. 35 (W.D.Mich.1983), the Bankruptcy Court awarded interest at the rate of 12% from the date of injury to the filing of complaint. The District Court concluded that "[t]he period from injury to the complaint's filing ... is not governed by any statutory rate, and the case law does not confine an award to any particular rate of interest." *Id.* at 38. I agree that M.C.L. § 438.31 does not limit common law pre-complaint interest.

### Can Pre–Complaint Interest be Compounded?

The general American rule appears to be that common law interest cannot be compounded unless authorized by statute. See 22 Am.Jur.2d, Damages § 650. Nevertheless, at least one recent Michigan case allowed compound interest to stand. *Jaffe, supra.*

The general purpose behind awards of pre-complaint interest was discussed by the Michigan Supreme Court in *Gordon Sel–Way, Inc. v. Spence Brothers, Inc.*, 438 Mich. 488, 499, 475 N.W.2d 704 (1991). "[T]he pivotal factor in awarding such interest is whether it is necessary to allow full compensation." *Id.* My job as fact finder in this case is to award plaintiff a sum of money that reflects not only its exact dollar expenditures, but also any additional value plaintiff could have derived from the use of that money for its own purposes. Just as future damages are reduced to present value, so past ascertainable damages should be increased to present value. Whether or not compound interest is needed to accomplish this goal is a question of fact. Without adequate interest, plaintiff cannot be made whole, and defendant would be unjustly enriched.

In the modern business world compound interest is commonplace. Several cases have recognized the importance of awarding compound interest in other situations. *Johns–Manville Corp. v. Guardian Industries Corp.*, 718 F.Supp. 1310 (E.D.Mich.1989), involved calculation of pre-complaint interest on royalties in a patent infringement case. The court concluded: "Because interest 'serves to make the patent owner whole,' [General Motors Corp. v.] Devex [Corp.], 461 U.S. [648] at 656, 103 S.Ct. [2058] at 2062 [76 L.Ed.2d 211 (1983)] the Court finds that annual compounding, rather than simple interest, is proper." Accord, *American Anodco, Inc. v. Reynolds Metals Co.*, 572 F.Supp. 895, 896 (W.D.Mich.1983).

Michigan cases that deny awards of compound interest all involve statutory, rather than common law, interest. In *Schwartz v. Piper Aircraft Corp.*, 90 Mich. App. 324, 282 N.W.2d 306 (1979), the court of appeals reversed a lower court ruling that required the defendant to pay compound *judgment* interest. The ruling was made at a time when M.C.L. § 600.6013 did not specifically provide for compound interest, as it does now. Judgment interest, unlike pre-complaint interest, has always been purely statutory. *Matich v. Modern Research Corp.*, 430 Mich. 1, 420 N.W.2d 67 (1988). Therefore, the judgment interest statute is in derogation of the common law and must be strictly construed. But pre-complaint interest as an element of damages is *not* in derogation of the common law. The only constraining factors are the common law itself and the need to fully compensate plaintiff. In *Schwartz*, 90 Mich.App. at 325, 282 N.W.2d 306, the court specifically noted that "this case does not deal with interest as a part of damages."

### CALCULATION OF DAMAGES

Both parties agree that M.C.L. § 600.6013 is a good guide to use for establishing an equitable pre-complaint interest rate, given my holding that neither M.C.L. § 438.7 nor M.C.L. § 438.31 apply. I agree that application of the interest rates specified

in M.C.L. § 600.6013 to pre-complaint interest will fully compensate plaintiff.

Currently, Michigan's judgment interest statute utilizes a variable interest rate that changes on January 1 and July 1 of each year. The rates are certified and published by the state treasurer every six months. Interest is compounded annually. Before January 1, 1987 the interest rate was a simple 12%. And Before 1981 it was 6% simple interest. For legal fees that accrued before January 1, 1987 I will use the six and twelve per cent rates, but I will compound annually. After January 1, 1987 I will use the variable rates published by the treasurer. The Appendix following this opinion contains a detailed breakdown of my calculations.

As of October 23, 1991, the date plaintiff's complaint was filed, plaintiff's legal fees and pre-complaint damage interest totaled $757,210.92 ($399,841.22 in pre-complaint attorney fees plus $357,369.70 in interest as an element of damages). This figure does not include $121,325.17 in additional attorney fees and settlement costs billed to plaintiff at the end of 1991. Consequently, *plaintiff's total damages are $878,536.09* ($521,166.39 in attorney fees and settlement costs plus $357,-369.70 in pre-complaint interest).

Statutory judgment interest pursuant to M.C.L. § 600.6013 must be applied to the $757,210.92 award as of October 23, 1991. Statutory interest on the $121,325.17 award should begin on December 31, 1991.[3] As of April 27, 1993, plaintiff was entitled to a total of $976,182.18 ($878,536.09 in damages plus $97,646.09 in judgment interest). This figure includes all of plaintiff's litigation expenses for the underlying third party claims, pre-complaint interest on those expenses as an element of damages, and statutory judgment interest. Interest will continue to accrue at the judgment interest rate specified by M.C.L. § 600.6013 until payment is made.

IT IS SO ORDERED.

---

**3.** Plaintiff stipulates that judgment interest should not accrue on the final installment of legal fees and settlement costs ($121,325.17) until December 31, 1991.

1230

## APPENDIX
### Calculation of Damages

| Due Date | Legal Fees and Expenses | Interest Rate | Interest on Balance | Balance |
|---|---|---|---|---|
| 12/31/76 | 31,970.78 | N/A | 0.00 | 31,970.78 |
| 12/31/77 | 1,441.51 | 6.0% | 1,918.25 | 35,330.54 |
| 12/31/78 | 4,260.24 | 6.0% | 2,119.83 | 41,710.61 |
| 12/31/79 | 9,316.84 | 6.0% | 2,502.64 | 53,530.09 |
| 12/31/80 | 55,908.49 | 6.0% | 3,211.81 | 112,650.39 |
| 12/31/81 | 6,416.84 | 12.0% | 13,518.05 | 132,585.28 |
| 12/31/82 | 6,352.63 | 12.0% | 15,910.23 | 154,848.14 |
| 12/31/83 | 4,600.48 | 12.0% | 18,581.78 | 178,030.40 |
| 12/31/84 | 3,226.53 | 12.0% | 21,363.65 | 202,620.58 |
| 12/31/85 | 0.00 | 12.0% | 24,314.47 | 226,935.05 |
| 12/31/86 | 38,211.66 | 12.0% | 27,232.21 | 292,378.92 |
| 06/30/87 | 0.00 | 7.66% | 11,198.11 | 292,378.92 |
| 12/31/87 | 113,309.37 | 8.5% | 12,426.10 | 429,312.50 |
| 06/30/88 | 0.00 | 9.39% | 20,177.69 | 429,312.50 |
| 12/31/88 | 55,980.62 | 9.21% | 19,791.31 | 525,262.12 |
| 06/30/89 | 0.00 | 10.005% | 26,315.63 | 525,262.12 |
| 12/31/89 | 23,968.76 | 10.105% | 26,578.26 | 602,124.77 |
| 06/30/90 | 0.00 | 9.015% | 27,155.83 | 602,124.77 |
| 12/31/90 | 44,876.47 | 9.535% | 28,721.35 | 702,878.42 |
| 06/30/91 | 0.00 | 9.26% | 38,166.30 | 702,878.42 |
| 10/23/91 | 0.00 | 8.715% | 16,166.20 | 757,210.92 |
| 12/31/91 | 121,325.17 | 8.715% | 10,449.51 | 878,536.09 |
| 06/30/92 | 0.00 | 8.002% | 31,978.71 | 878,536.09 |
| 10/23/92 | 0.00 | 7.68% | 20,206.33 | 941,170.64 |
| 12/31/92 | 0.00 | 7.68% | 12,988.15 | 941,170.64 |
| 04/27/93 | 0.00 | 6.797% | 22,023.39 | 976,182.18 |