OHIO FARMERS INSURANCE COMPANY v SHAMIE

Docket No. 203360. Submitted November 9, 1998, at Detroit. Decided April 30, 1999, at 9:15 A.M. Leave to appeal sought.

Ohio Farmers Insurance Company brought an action in the Oakland Circuit Court against George Shamie and others, seeking damages suffered after the plaintiff relied on audits and financial statements prepared by the defendants, certified public accountants, for Marcelli Construction Company in determining to provide performance and surety bonds to Marcelli. Marcelli failed to meet its contractual obligations, and the plaintiff was required to make payments under the terms of the bonds. The plaintiff alleged it suffered damages as a result of the defendants' malpractice and negligent misrepresentation in preparing the audits and financial statements and that it was a third-party beneficiary of the agreements between the defendants and Marcelli. The court, Steven N. Andrews, J., denied the defendants' motion for summary disposition under MCR 2.116(C)(8), but granted the defendants' motion under MCR 2.116(C)(10), holding that the accountant liability act, MCL 600.2962; MSA 27A.2962, applied retroactively and barred the plaintiff's cause of action. The plaintiff appealed, and the defendants cross appealed.

The Court of Appeals *held*:

1. The court erred in granting the defendants' motion and retroactively applying the accountant liability act in this case. Although the Legislature intended to give the act retrospective effect by applying it to actions filed on or after the effective date of the act, March 28, 1996, and the plaintiff's complaint was filed five months after the effective date of the act, the act should not have been applied retrospectively in this case because such an application would destroy the plaintiff's cause of action that accrued before the effective date of the act. The plaintiff's claims were a vested right that accrued before the effective date of the act. Furthermore, the act does not apply to claims against an accountant for breach of contract. The court erred in relying on the act to dismiss the plaintiff's third-party beneficiary claim, which sounds in contract rather than tort. The order granting the defendants' motion for summary disposition must be reversed.

2. The plaintiff sufficiently alleged its malpractice and negligent misrepresentation claims. The count alleging that the plaintiff was a third-party beneficiary was not conclusory.

3. The plaintiff's allegations with regard to its third-party beneficiary claim established, for purposes of the defendants' motion under MCR 2.116(C)(8), that the defendants' contract to prepare Marcelli's financial statements was intended to benefit both Marcelli and the plaintiff. The court did not err in denying the defendants' motion.

Affirmed in part and reversed in part.

1. TORTS — ACCOUNTANT LIABILITY ACT — RETROSPECTIVE EFFECT.

The accountant liability act is intended to have retrospective effect and apply to actions filed on or after the effective date of the act; retrospective application of the act is improper where the cause of action is a vested right that accrued before the effective date of the act and retrospective application would destroy that vested right; a cause of action becomes a vested right when it accrues and all the facts become operative and are known (1995 PA 249, § 3; MCL 600.2962; MSA 27A.2962).

2. CONTRACTS — THIRD-PARTY BENEFICIARIES — ACTIONS.

An individual who was not a party to a contract must establish that the individual was an intended third-party beneficiary of the contract in order for the individual to bring an action with regard to the contract; third-party beneficiary status requires an express promise to act to the benefit of the third-party; a third party cannot maintain an action on a contract merely because the third party receives an incidental benefit from the performance of the contract or is injured by its breach; a promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for the person (MCL 600.1405; MSA 27A.1405).

*Schier, Deneweth & Parfitt, P.C.* (by *Chris Parfitt*), for the plaintiff.

*Lipson, Neilson, Jacobs & Cole, P.C.* (by *Jeffrey T. Neilson, Joseph P. Garin,* and *Mary Ellen Chisholm*), for the defendants.

Before: SMOLENSKI, P.J., and MCDONALD and DOCTOROFF, JJ.

SMOLENSKI, P.J. Plaintiff Ohio Farmers Insurance Company appeals as of right the trial court's order granting defendants' George Shamie, George R. Shamie, Jr., P.C., and Boloven, Shamie & Company, P.C.'s motion for summary disposition pursuant to MCR 2.116(C)(10). Defendants cross appeal the trial court's order denying their motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm in part and reverse in part.

Plaintiff's complaint contained the following allegations. Defendants are certified public accountants that prepared independent auditor's reports of Marcelli Construction Company (hereafter Marcelli) for fiscal years 1991, 1992, 1993, 1994, and 1995. Defendants also prepared audited financial statements of Marcelli for fiscal years 1994 and 1995. Plaintiff relied on defendants' audits and financial statements in determining that Marcelli was financially qualified to obtain performance and surety bonds and subsequently provided bonds to Marcelli as the principal contractor on ten construction projects. When Marcelli failed to meet its obligations under the contracts, plaintiff was required to make payments to Marcelli's owners, subcontractors, and suppliers under the terms of the bonds.

Plaintiff further alleged that it suffered damages as a result of defendants' malpractice and negligent misrepresentation in preparing Marcelli's audits and financial statements and that it was a third-party beneficiary of the agreements between defendants and Marcelli. Defendants moved for summary disposition pursuant to both MCR 2.116(C)(8) and (10). The trial court denied defendants' motion under MCR 2.116(C)(8), but granted defendants' motion under

MCR 2.116(C)(10), holding that MCL 600.2962; MSA 27A.2962 (the accountant liability act) retroactively barred plaintiff's cause of action.

In its sole issue on appeal, plaintiff contends that the trial court erred in granting defendants' motion and retroactively applying MCL 600.2962; MSA 27A.2962 to its cause of action against defendants. We agree.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). The motion may be granted when, except with regard to the amount of damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. MCR 2.116(C)(10). We review a trial court's grant or denial of summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

Whether the accountant liability act is to be applied prospectively or retrospectively is an issue of first impression for this Court. Statutes are presumed to operate prospectively unless the contrary intent is clearly manifested by the Legislature. *White v General Motors Corp*, 431 Mich 387, 391; 429 NW2d 576 (1988). However, retrospective application of a statute is improper if it takes away or impairs a vested right under existing laws. *In re Certified Questions (Karl v Bryant Air Conditioning Co)*, 416 Mich 558, 572; 331 NW2d 456 (1982). A cause of action becomes such a vested right when it accrues and all the facts become operative and are known. *Id.* at 572-573. Plaintiff relies on this Court's opinion in *Law Offices of Lawrence J Stockler, PC v Rose*, 174 Mich

App 14, 35-36; 436 NW2d 70 (1989), to support its third-party malpractice and negligent misrepresentation actions against defendants. In *Stockler*, at 36, this Court adopted 3 Restatement Torts, 2d, § 552, p 126, "as the minimum standard applicable in reviewing the scope of an accountant's potential third-party liability for negligent misrepresentation." Subsection 552(1), pp 126-127, provides that a person who in the course of his profession "supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information," if he "fails to exercise reasonable care or competence in obtaining or communicating the information." Subsection 552(2), p 127, limits the professional's liability to the loss suffered:

> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

After defendants prepared the audits and financial statements, but before plaintiff filed suit, the Legislature enacted the accountant liability act, which restricts professional malpractice claims against certified public accountants. 1995 PA 249, MCL 600.2962; MSA 27A.2962. The accountant liability act provides in pertinent part:

> A certified public accountant is liable for civil damages in connection with public accounting services performed by the certified public accountant only in 1 of the following situations:

* * *

(c) A negligent act, omission, decision, or other conduct of the certified public accountant if the certified public accountant was informed in writing by the client at the time of engagement that a primary intent of the client was for the professional public accounting services to benefit or influence the person bringing the action for civil damages. For the purposes of this subdivision, the certified public accountant shall identify in writing to the client each person, generic group, or class description that the certified public accountant intends to have rely on the services. The certified public accountant may be held liable only to each identified person, generic group, or class description. The certified public accountant's written identification shall include each person, generic group, or class description identified by the client as being benefited or influenced. [MCL 600.2962; MSA 27A.2962.]

The Legislature manifested its intent to give the act retrospective effect by applying it "to actions filed on or after" the effective date of the act, March 28, 1996. 1995 PA 249, § 3. Because plaintiff filed its complaint nearly five months after the effective date of the act, we conclude that the Legislature intended the act to apply to plaintiff's cause of action. However, we decline to apply the act retrospectively in this case, because such an application would destroy plaintiff's cause of action against defendants that accrued before the effective date of the act.

The accountant liability act substantively changed the existing law regarding an accountant's liability to a third party as adopted by this Court in *Stockler*, *supra*, by requiring the accountant and the client to give written notification regarding the intended use of the accountant's services and limiting the accountant's liability to clearly identified third parties. Under

the act, at the time the client engages the accountant, the client must inform the accountant in writing that a primary intent of the client is for the professional public accounting services to benefit or influence "the person bringing the action for civil damages." MCL 600.2962(c); MSA 27A.2962(c). In addition, the accountant must identify to the client each person, generic group, or class description that the accountant intends to have rely on the services. *Id.* Finally, the accountant "may be held liable only to each identified person, generic group, or class description." *Id.* Plaintiff admits that it cannot meet these new notice requirements set forth in the accountant liability act with respect to its claims against defendants.

However, we conclude that the accountant liability act did not apply to plaintiff's cause of action because plaintiff's claims were a vested right that accrued before the effective date of the act. Defendants admit in their brief that they performed the audits and prepared the financial statements from 1990 to 1995 and that the disputes involving the Marcelli construction projects arose in 1995. Given defendants' admissions, plaintiff's action based on the claims alleging accounting malpractice and negligent misrepresentation accrued no later than 1995 when defendants negligently prepared the auditor's reports and financial statements. See *Local 1064, RWDSU AFL-CIO v Ernst & Young*, 449 Mich 322, 329, 333; 535 NW2d 187 (1995); MCL 600.5805(4); MSA 27A.5805(4), MCL 600.5827; MSA 27A.5827. Because plaintiff's cause of action accrued before the accountant liability act became effective in 1996, we find that its cause of action was a vested right and conclude that the retro-

spective application of the act is improper in this case because it would destroy that vested right.

Furthermore, we note that plaintiff's third-party beneficiary claim sounds in contract rather than tort. Because the accountant liability act does not apply to claims against an accountant for breach of contract, we conclude that the trial court erred in relying on the act to dismiss plaintiff's third-party beneficiary claim.

Accordingly, we hold that the trial court erred in applying the act retrospectively in this case and reverse the court's order granting defendants' motion for summary disposition.

We shall now address defendants' cross appeal, in which they contend that the trial court erred in denying their motion for summary disposition pursuant to MCR 2.116(C)(8). A motion for summary disposition pursuant to MCR 2.116(C)(8) is tested on the pleadings alone and all factual allegations in the complaint must be accepted as true. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). The trial court should grant the motion, "if the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id.*

First, defendants contend in their statement of issues presented that the trial court abused its discretion in denying their motion. Although defendants raise the issue, they do not address it in their brief. Therefore, this issue has been abandoned on appeal. *Knoke v East Jackson Public School Dist*, 201 Mich App 480, 485; 506 NW2d 878 (1993).

Second, defendants contend that plaintiff's complaint was defective because it contained only conclusory allegations insufficient to state claims of

accounting malpractice, negligent misrepresentation, and third-party beneficiary of the agreements between defendants and Marcelli. We disagree. MCR 2.111(B)(1) provides that a complaint must contain a statement of the facts "on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend . . . ." In the present case, we conclude that plaintiff's complaint alleged sufficient facts "reasonably to inform" defendants of the nature of the claims against them. In its count regarding accounting malpractice, plaintiff alleged in ¶ 12 of its complaint that defendants

> negligently prepared the audited financial statements of Marcelli for at least the fiscal years 1994 and 1995, in at least the following ways:
>
> A. Failure to obtain or review sufficient documentation to undertake the audit;
>
> B. Failure to limit the scope of the audit in light of the failure to obtain or review sufficient documentation to undertake the audit;
>
> C. Failure to verify the accuracy of the information obtained from Marcelli for the audit;
>
> D. Failure to limit the scope of the audit in light of the failure to verify the accuracy of the information obtained from Marcelli for the audit;
>
> E. Substantially underestimating Marcelli's liabilities and misrepresenting its solvency.

Plaintiff's complaint also alleged that the acts and skills of defendants were below those of an ordinary certified public accountant of ordinary learning, judgment, or skill; that defendants knew that plaintiff would rely on defendants' work in determining whether to issue performance bonds on behalf of

Marcelli; that as a result of its reliance on defendants' work, plaintiff issued the bonds to Marcelli; and that plaintiff incurred damages because Marcelli was not in fact financially qualified. We conclude that these allegations were not conclusory because they reasonably informed defendants of the nature of plaintiff's malpractice claim against them.

We also disagree with defendants' contention that plaintiff failed to sufficiently allege its negligent misrepresentation claim. In ¶ 17 of its complaint, plaintiff alleged that defendants had a duty to exercise due care to plaintiff "who would reasonably and foreseeably rely on their work." Then, plaintiff alleged in ¶ 18 that the acts and omissions set forth in ¶ 12 demonstrated that defendants "did not exercise due care and negligently misrepresented the financial condition of Marcelli, to the detriment of Ohio Farmers who relied on [defendants'] audits and statements." These two paragraphs, combined with the earlier paragraphs that were incorporated into plaintiff's negligent misrepresentation count, are sufficient to reasonably inform defendants of the negligent misrepresentation claim against them.

For the reasons stated below, we also disagree with defendants' contention that plaintiff's count alleging that plaintiff was a third-party beneficiary was conclusory.

In their final issue on cross appeal, defendants contend that each count of plaintiff's complaint was insufficient as a matter of law. First, defendants contend that plaintiff's count alleging accounting malpractice should have been dismissed because there was no privity between plaintiff and defendants. However, this issue was not preserved for appeal because

defendants failed to raise it before the trial court. See *Phinney v Perlmutter*, 222 Mich App 513, 544; 564 NW2d 532 (1997). Likewise, defendants failed to preserve their second contention, i.e., that plaintiff's count alleging negligent misrepresentation was deficient because it failed to allege that plaintiff relied on defendants' work. *Id.*

Finally, defendants contend that plaintiff failed to identify the agreement that made plaintiff a third-party beneficiary of the contract between defendants and Marcelli as required under MCL 600.1405; MSA 27A.1405. We disagree. In Michigan, third-party beneficiary law is controlled by MCL 600.1405; MSA 27A.1405, which provides in part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to. give or to do or refrain from doing something directly to or for said person.

"For an individual to sue on a contract to which the individual is not a party, it must be determined that the individual was an intended third-party beneficiary of the contract." *Koenig v South Haven*, 221 Mich App 711, 715; 562 NW2d 509 (1997). A third party cannot maintain an action on a contract merely because the party receives an incidental benefit from the performance of the contract or is injured by its breach. *Greenlees v Owen Ames Kimball Co*, 340 Mich 670, 676; 66 NW2d 227 (1954), citing 12 Am Jur, Contracts, § 282, p 834. Rather, "[t]hird-party beneficiary status requires an express promise to act to the

benefit of the third party . . . ." *Dynamic Constr Co v Barton Malow Co*, 214 Mich App 425, 428; 543 NW2d 31 (1995).

In the present case, we should examine the contract between defendants and Marcelli to determine whether they objectively expressed the intent to treat plaintiff as a third-party beneficiary of the contract. See *Koenig, supra* at 716. However, we cannot perform that examination because the pleadings do not include a copy of the contract. Therefore, our determination must be based on plaintiff's allegation that it was a third-party beneficiary of the contract because defendants knew (1) that Marcelli needed to deliver the financial statements to plaintiff for review and analysis and (2) that plaintiff would rely on the statements in determining whether to issue bonds to Marcelli. Plaintiff's allegations, which we must accept as true for purposes of this analysis, establish that defendants' contract to prepare Marcelli's financial statements was intended to benefit both Marcelli and plaintiff. Although Marcelli employed and authorized defendants to prepare the statements, plaintiff was the intended recipient and beneficiary of defendants' accounting services. Because defendants and Marcelli intended plaintiff to benefit from defendants' services, we cannot conclude that plaintiff's third-party beneficiary claim was "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Simko, supra* at 654. Accordingly, we hold that the trial court did not err in denying defendants' motion for summary disposition pursuant to MCR 2.116(C)(8).

Affirmed in part and reversed in part.