609 N.W.2d 827 (2000)
Zie HAK, Plaintiff-Appellee,
v.
CITY OF DEARBORN, Defendant-Appellant.
Docket No. 114994, COA No. 214886.
Supreme Court of Michigan.
May 5, 2000.
On order of the Court, the application for leave to appeal from the April 2, 1999 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
*828 However, the trial court shall provide defendant an opportunity to interpose objections to specific information being disclosed prior to making that information available to plaintiff.
CORRIGAN, J., dissents and states as follows:
I would remand to the Court of Appeals for consideration as on leave granted. The trial court lacked statutory authority to order defendant-city to provide documents needed for the trial court to create new records responsive to plaintiff's Freedom of Information Act (FOIA) request.
Plaintiff requested several documents from defendant's police department, including a list of police officers terminated by defendant and a list of applicants for employment as police officers.[1] Defendant denied the request. Plaintiff averred that defendant had violated the FOIA, M.C.L. § 15.231 et seq.; MSA 4.1801(1) et seq. and commenced this action to compel disclosure.[2] It is undisputed that defendant does not keep the kind of lists requested by plaintiff.
The trial court acknowledged that it could not compel defendant to create a new public record or a compilation, summary, or report of information to satisfy plaintiff's request. See M.C.L. § 15.233(4), (5); MSA 4.1801(3)(4), (5). Nonetheless, the court ordered defendant to "provide such documents to the Court as may be necessary for the Court to create records responsive to Plaintiff's requests and disclose them to Plaintiff, after conducting an in camera review of the documents provided by Defendant...." The court further determined that the public interest in disclosure of this information outweighed the public interest in nondisclosure, M.C.L. § 15.243(1)(t)(ix); MSA 4.1801(13)(I)(t)(ix).
Defendant then filed an interlocutory application for leave to appeal, which the Court of Appeals majority denied. Justice Markman, who was on the panel, would have granted leave. Hak v. Dearborn, unpublished order of the Court of Appeals, entered April 2, 1999 (Docket No. 214886).
When a circuit court determines that a public record is not exempt from disclosure, it can order the public body to stop withholding or to produce the public record. MCL 15.240(4); MSA 4.1801(10)(4). Under subsections 3(4) and (5), however, a court may not order a public body to create a public record or to make a compilation, summary, or report of information. Here, the circuit court implicitly acknowledged that the lists sought by plaintiff did not exist. At this point, the court's review should have ended. The court had no authority to order defendant to produce records for the court to use to create the requested lists.
Moreover, any list created by the trial court would not be a "public record" of defendant subject to disclosure under the FOIA. "`Public record' means a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." MCL 15.232(e); MSA 4.1801(2)(e). Defendant has not prepared, owned, used, possessed, or retained any lists created by the trial court! Nothing in the FOIA authorizes the trial court to create new lists and then treat them as defendant's "public records."
MARKMAN, J., not participating.
NOTES
[1] Plaintiff requested additional documents that are not relevant to the issues raised by defendant in this appeal.
[2] Plaintiff filed this action on February 13, 1997, shortly before the effective date of certain amendments of the FOIA. None of these amendments substantively changed the relevant statutory provisions, although some of the subsections were reorganized. The citations in this statement are to the subsections as currently organized.