OHIO FARMERS INSURANCE COMPANY v SHAMIE (ON REMAND)

Docket No. 203360. Submitted May 30, 2000, at Detroit. Decided November 7, 2000, at 9:00 A.M.

Ohio Farmers Insurance Company brought an action in the Oakland Circuit Court against George Shamie and others, alleging accounting malpractice and negligent misrepresentation concerning the defendants' audit of, and preparation of financial statements for, Marcelli Construction Company. The plaintiff contended that it was a third-party beneficiary of contracts between Marcelli and the defendants, and that it suffered damages when it relied on those audits and financial statements in issuing performance and surety bonds to Marcelli and eventually had to pay pursuant to those bonds in the wake of Marcelli's default on contractual obligations to clients, subcontractors, and suppliers. The defendants moved for summary disposition under MCR 2.116(C)(8) and (10). The court, Steven N. Andrews, J., denied the motion under subsection C(8), but granted the motion under subsection (C)(10), ruling that the accountant liability act, MCL 600.2962; MSA 27A.2962, retroactively barred the plaintiff's cause of action. On appeal by the plaintiff and cross appeal by the defendants, the Court of Appeals, SMOLENSKI, P.J., and MCDONALD and DOCTOROFF, JJ., affirmed the denial of summary disposition under subsection C(8), but reversed the grant of summary disposition under subsection C(10), holding that the accountant liability act did not apply to the plaintiff's cause of action because the plaintiff's claims were a vested right that accrued before the effective date of the act. 235 Mich App 417 (1999). The Supreme Court, in lieu of granting the defendants leave to appeal, vacated in part the judgment of the Court of Appeals and remanded the case for reconsideration by the Court of Appeals of the issue of accrual of the plaintiff's claim against the defendants in light of MCL 600.5838; MSA 27A.5838. 462 Mich 852 (2000).

On remand, the Court of Appeals *held*:

1. Section 5838—which provides that except as otherwise provided in § 5838a, a claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or psuedoprofessional capacity with regard to

the matters out of which the claim of malpractice arose, regardless of the time the plaintiff discovers or otherwise had knowledge of the claim—governs accrual of the plaintiff's claim for accounting malpractice.

2. Accrual of a malpractice claim under § 5838 does not require that the plaintiff have suffered damages. Because § 5838 governs accrual of the plaintiff's accounting malpractice claim against the defendants, the date when the plaintiff suffered damages is irrelevant to the accrual of its claim.

3. The plaintiff's third-party claim accrued at the same time that Marcelli's claim would have accrued, i.e., when the defendants discontinued serving Marcelli in a professional capacity with regard to the matters out of which the accounting malpractice claim arose.

4. The plaintiff's allegations and the defendants' admissions in affidavits filed in support of their motion for summary disposition established that the defendants discontinued professional services with regard to the matters out of which the claim of malpractice arose before the March 28, 1996, effective date of the accountant liability act. Thus, the plaintiff's cause of action accrued before the effective date of the act, and the trial court erroneously granted the defendant's motion for summary disposition under MCR 2.116(C)(10).

Affirmed in part and reversed in part.

1. NEGLIGENCE — ACCOUNTING MALPRACTICE — ACCRUAL.

An accounting malpractice claim accrues at the time the accountant discontinues serving the plaintiff in a professional or psuedoprofessional capacity with regard to the matters out of which the claim arises, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim (MCL 600.5838; MSA 27A.5838).

2. NEGLIGENCE — ACCOUNTING MALPRACTICE — THIRD-PARTY BENEFICIARIES — ACCRUAL.

A claim of accounting malpractice raised on a third-party beneficiary theory of liability accrues when the defendant discontinues serving the client in a professional capacity with regard to the matters out of which the claim arises (MCL 600.1405, 600.5838; MSA 27A.1405, 27A.5838).

*Schier, Deneweth & Parfitt, P.C.* (by *Chris Parfitt*), for the plaintiff.

*Lipson, Neilson, Jacobs & Cole, P.C.* (by *Jeffrey T. Neilson, Joseph P. Garin* and *Mary Ellen Chisholm*), for the defendants.

ON REMAND

Before: Smolenski, P.J., and McDonald and Doctoroff, JJ.

Smolenski, P.J. This case returns to us on remand from our Supreme Court for further discussion of the accrual of plaintiff's claim against defendants. We find that plaintiff's claim for accounting malpractice accrued when defendants discontinued the professional accounting services out of which plaintiff's malpractice claim arose. Therefore, we reaffirm our previous holding that plaintiff's claim accrued before the effective date of the accountant liability act, MCL 600.2962; MSA 27A.2962. Given our resolution of the accrual question, we need not reconsider the remaining issues addressed in our prior decision.

I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case were adequately summarized in our prior opinion, as follows:

> Plaintiff's complaint contained the following allegations. Defendants are certified public accountants that prepared independent auditor's reports of Marcelli Construction Company (hereafter Marcelli) for fiscal years 1991, 1992, 1993, 1994, and 1995. Defendants also prepared audited financial statements of Marcelli for fiscal years 1994 and 1995. Plaintiff relied on defendants' audits and financial statements in determining that Marcelli was financially qualified to obtain performance and surety bonds and subsequently provided bonds to Marcelli as the principal contrac-

tor on ten construction projects. When Marcelli failed to meet its obligations under the contracts, plaintiff was required to make payments to Marcelli's owners, subcontractors, and suppliers under the terms of the bonds.

Plaintiff further alleged that it suffered damages as a result of defendants' malpractice and negligent misrepresentation in preparing Marcelli's audits and financial statements and that it was a third-party beneficiary of the agreements between defendants and Marcelli. Defendants moved for summary disposition pursuant to both MCR 2.116(C)(8) and (10). The trial court denied defendants' motion under MCR 2.116(C)(8), but granted defendants' motion under MCR 2.116(C)(10), holding that MCL 600.2962; MSA 27A.2962 (the accountant liability act) retroactively barred plaintiff's cause of action. [*Ohio Farmers Ins Co v Shamie*, 235 Mich App 417, 419-420; 597 NW2d 553 (1999), vacated in part and remanded 462 Mich 852 (2000).]

This Court affirmed the trial court's denial of defendants' motion for summary disposition under MCR 2.116(C)(8). However, we reversed the trial court's grant of defendants' motion for summary disposition under MCR 2.116(C)(10), holding that the accountant liability act did not apply to plaintiff's cause of action because plaintiff's claims were a vested right that accrued before the effective date of that statute. *Ohio Farmers, supra*, 235 Mich App 423. On appeal, our Supreme Court vacated our decision in part, remanding for further discussion of the accrual of plaintiff's claim against defendants. The remand order provided:

In lieu of granting leave to appeal, the judgment of the Court of Appeals is vacated in part, and the case is remanded for reconsideration by the Court of Appeals as directed by this order. MCR 7.302(F)(1). The retroactivity analysis in the Court of Appeals opinion assumed that the plaintiff's cause of action accrued before MCL 600.2962; MSA 27A.2962 took effect. However, the Court of Appeals

applied MCL 600.5827; MSA 27A.5827 without considering the effect of MCL 600.5838; MSA 27A.5838 or *Connelly v Paul Ruddy's Equipment Repair & Service Co*, 388 Mich 146; 200 NW2d 146 (1972). Under § 5827, accrual requires that the plaintiff have suffered damages. *Connelly, supra.* Consideration of the retroactivity question was unnecessary if the plaintiff's cause of action did not actually accrue until after the new statute took effect. On remand, the Court of Appeals must first reconsider the accrual question, and then proceed as the answer to that question indicates. Jurisdiction is not retained. [*Ohio Farmers Insurance Co v Shamie*, 462 Mich 852 (2000).]

Accordingly, we begin our discussion on remand by analyzing whether the date on which plaintiff suffered damages affects the accrual of plaintiff's accounting malpractice claim. We conclude that it does not.

II. ANALYSIS

A. OUR PRIOR OPINION

In our prior opinion in this matter, we held that plaintiff's accounting malpractice claim accrued before the effective date of the accountant liability act, relying on *Local 1064, RWDSU AFL-CIO v Ernst & Young*, 449 Mich 322; 535 NW2d 187 (1995), MCL 600.5805; MSA 27A.5805, and MCL 600.5827; MSA 27A.5827.[1] In *Local 1064, supra* at 333, our Supreme Court held that the two-year limitation period contained in MCL 600.5805(4); MSA 27A.5805(4) applied to suits for accounting malpractice.[2] In contrast, the

---

[1] *Ohio Farmers, supra*, 235 Mich App 423.

[2] When the Legislature amended MCL 600.5805; MSA 27A.5805, the two-year limitation period applicable to malpractice actions formerly found in subsection 4 was moved to subsection 5. 2000 PA 2, effective February 17, 2000.

precise question presented in this case is not when the limitation period would have expired on plaintiff's claim against defendants. Rather, the question we must resolve is when plaintiff's claim against defendants accrued. To answer that question, our prior opinion looked to the general accrual statute, MCL 600.5827; MSA 27A.5827, which states:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 and 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

Applying *Local 1064*, § 5805, and § 5827 to the facts of this case, we concluded in our prior opinion that plaintiff's claim against defendants accrued before March 28, 1996, the effective date of the accountant liability act:

> [W]e conclude that the accountant liability act did not apply to plaintiff's cause of action because plaintiff's claims were a vested right that accrued before the effective date of the act. Defendants admit in their brief that they performed the audits and prepared the financial statements from 1990 to 1995 and that the disputes involving the Marcelli construction projects arose in 1995. Given defendants' admissions, plaintiff's action based on the claims alleging accounting malpractice and negligent misrepresentation accrued no later than 1995 when defendants negligently prepared the auditor's reports and financial statements. Because plaintiff's cause of action accrued before the accountant liability act became effective in 1996, we find that its cause of action was a vested right and conclude that the retroactive application of the act is improper in this case because it would destroy that vested right. [*Ohio Farmers, supra*, 235 Mich App 423-424 (citations omitted).]

Our Supreme Court remanded for further examination of the accrual question, particularly in light of MCL 600.5838; MSA 27A.5838. Although we did not explicitly rely on § 5838 in our prior opinion, we conclude on reconsideration that § 5838 does govern the accrual of plaintiff's claim against defendants for accounting malpractice.

B. SECTION 5838 APPLIES TO ACCOUNTING MALPRACTICE CLAIMS

By its own terms, § 5827 applies only in cases not covered by §§ 5829 and 5838. Because § 5829 applies to claims involving the right of entry or recovery of possession of land, that section is clearly inapplicable to the present case. However, § 5838 applies to claims based on professional malpractice:

> Except as otherwise provided in section 5838a,[3] a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. [MCL 600.5838(1); MSA 27A.5838(1).]

In *Jaffe v Harris*, 126 Mich App 813; 338 NW2d 228 (1983), rev'd in part 419 Mich 942 (1984),[4] this Court

---

[3] Section 5838a governs accrual of medical malpractice claims and is therefore inapplicable to the present case. MCL 600.5838a; MSA 27A.5838(1).

[4] Our Supreme Court reversed that portion of the *Jaffe* opinion dealing with damages for unauthorized withdrawals, but denied leave to appeal in all other respects. 419 Mich 942. Therefore, our Supreme Court did not disturb this Court's ruling in *Jaffe* that § 5838 governed accrual of a plaintiff's claim in accounting malpractice suits. 126 Mich App 822.

applied § 5838 to an accounting malpractice suit, without detailed analysis. In that case, the plaintiffs appealed the trial court's ruling dismissing the plaintiffs' accounting malpractice claim. This Court affirmed the trial court's decision, citing MCL 600.5838; MSA 27A.5838 and MCL 600.5805; MSA 27A.5805. *Jaffe, supra,* 126 Mich App 822. Further, federal decisions interpreting Michigan law have applied § 5838 to accounting malpractice suits. *Ameriwood Industries Int'l Corp v Arthur Andersen & Co,* 961 F Supp 1078, 1091 (WD Mich, 1997); *Axel Johnson, Inc v Arthur Andersen & Co,* 738 F Supp 772, 776 (SD NY, 1990). Accordingly, we conclude that § 5838 governs accrual of a plaintiff's claim of accounting malpractice.

### C. ACCRUAL OF MALPRACTICE CLAIMS AND PROOF OF DAMAGES

The remand order entered by our Supreme Court stated that accrual of a plaintiff's claim under § 5827 requires that the plaintiff have suffered damages. *Ohio Farmers, supra,* 462 Mich 852. Section 5827 provides that "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827; MSA 27A.5827. Our Supreme Court has held that the term "wrong" in § 5827 must be read to mean "actionable wrong." *Connelly, supra* at 151. Therefore, in cases where § 5827 applies, the plaintiff's claim accrues "[o]nce all of the elements of an action for personal injury, including the element of damage, are present." *Connelly, supra* at 151.

However, § 5838 provides that malpractice claims accrue "at the time [the defendant] discontinues serving the plaintiff in a professional . . . capacity as to

the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838; MSA 27A.5838. In *Gebhardt v O'Rourke*, 444 Mich 535, 542-544; 510 NW2d 900 (1994), our Supreme Court made clear that accrual of a malpractice claim under § 5838 does not require that the plaintiff have suffered damages:

> Previous case law has confused the application of the statute by inserting traditional tort concepts of "accrual" into the clear statutory scheme. The normal rule in tort law is that a cause of action does not accrue until all elements of the tort exist. Section 5838 expressly rejects this rule by providing that accrual occurs without regard to whether the client's malpractice claim is ripe.
>
> *          *          *
>
> . . . The Legislature intended that the last day of service be the sole basis for determination of accrual. Lack of ripeness, i.e., that not all the elements of the tort have been discovered, is irrelevant to the two-year limitation period.

Because § 5838 governs accrual of plaintiff's accounting malpractice claim against defendants, the date when plaintiff suffered damages is irrelevant to the accrual of the claim. Instead, plaintiff's claim accrued when defendants discontinued professional accounting services with regard to the matters out of which the claim for malpractice arose. MCL 600.5838; MSA 27A.5838.

### D. DISCONTINUING PROFESSIONAL SERVICE

In the present case, the determination of when plaintiff's claim accrued is complicated by the fact that plaintiff's claim is based on a third-party benefici-

ary theory of liability. When a plaintiff sues on such a theory, he "has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." MCL 600.1405; MSA 27A.1405. Accordingly, plaintiff's third-party claim accrued at the same time that Marcelli's claim would have accrued, i.e., when defendants discontinued serving Marcelli in a professional capacity with regard to the matters out of which the accounting malpractice claim arose.

We acknowledge the general rule that "[a]ccrual of a malpractice action, for purposes of the two-year limitation period, occurs on the last day of professional service." *Gebhardt, supra* at 543. In most accounting malpractice cases, the professional relationship between the accountant and the client typically dissolves before the plaintiff files suit against the defendant. However, that will not necessarily be true in a case where the plaintiff is a third-party beneficiary of the contract. In such cases, the accountant and his client may continue their professional relationship while the aggrieved third party pursues his legal rights. To give full meaning to the statutory language, courts faced with on-going accountant-client relationships must look to the date when the defendant discontinues serving the client in a professional capacity "as to the matters out of which the claim for malpractice arose." MCL 600.5838; MSA 27A.5838.

### E. APPLICATION AND CONCLUSION

In the present case, defendant George Shamie filed an affidavit in the circuit court, in support of defendants' motion for summary disposition, stating that he and defendant George R. Shamie, Jr., P.C., performed an audit of Marcelli's March 31, 1994, balance sheet,

and that Marcelli was a client of George R. Shamie, Jr., P.C., from approximately 1990 to 1994. Defendants also filed the affidavit of S. Ted Boloven in support of their motion for summary disposition. That affidavit stated that defendant Boloven, Shamie & Company, P.C. (Boloven) performed an audit of Marcelli's March 31, 1995, balance sheet and that Marcelli had been and continued to be a client of defendant Boloven.

It is clear from defendants' admissions that defendant Shamie and defendant George R. Shamie, Jr., P.C., discontinued professional services to Marcelli in 1994. However, defendant Boloven continued to provide professional services to Marcelli through the time of filing of plaintiff's suit. In this situation, we must determine when defendants discontinued serving Marcelli in a professional capacity "as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or has knowledge of the claim." MCL 600.5838; MSA 27A.5838.

Plaintiff's complaint alleges that defendants committed accounting malpractice in connection with the preparation of independent auditor's reports for fiscal years 1991 through 1995, specifically focusing on the audited financial statements prepared for fiscal years 1994 and 1995. From these allegations and defendants' admissions contained in the affidavits filed in the circuit court, we conclude that defendants discontinued professional services "as to the matters out of which the claim of malpractice arose" before March 28, 1996.[5] Accordingly, we reaffirm our previous holding that plaintiff's cause of action accrued before the

---

[5] We need not decide the exact date on which plaintiff's claim accrued. For purposes of this opinion, we need only determine whether the claim accrued before the effective date of the accountant liability act.

effective date of MCL 600.2962; MSA 27A.2962, and that the trial court erroneously granted defendants' motion for summary disposition under MCR 2.116(C)(10). We adopt the remainder of our previous opinion, which is consistent with this decision.

Affirmed in part and reversed in part.