*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHILIP C. KIM and EMA G. OSAKI-KIM,

        Plaintiffs-Appellants,

v

KALLAS CORPORATION, doing business as
KALLAS RESTAURANT ACCOUNTING and
KALLAS RESTAURANT ACCOUNTING OF
MICHIGAN, NICOLAS KALLAS, and GEORGE
KALLAS,

        Defendants-Appellees.

UNPUBLISHED
September 19, 2024

No. 365257
Oakland Circuit Court
LC No. 2022-195292-NM

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

MURRAY, J. (*concurring in part, dissenting in part*).

I concur with the majority's conclusion to affirm the trial court's dismissal of plaintiffs' breach of contract claim, and part of their breach of fiduciary duty claim, but respectfully dissent from the reversal of the order granting summary disposition of the accountant malpractice claim. MCR 2.116(C)(7).

An accountant malpractice claim based on alleged fraud or intentional misrepresentation may be brought under MCL 600.2962(1), which in relevant part provides:

> (1) This section applies to an action for professional malpractice against a certified public accountant. A certified public accountant is liable for civil damages in connection with public accounting services performed by the certified public accountant only in 1 of the following situations:
>
> * * *
>
> (b) An act, omission, decision, or conduct of the certified public accountant that constitutes fraud or an intentional misrepresentation.

Under MCL 600.5805(8), a two-year statute of limitations applies to professional malpractice actions, including accounting malpractice actions. *Levy v Martin*, 463 Mich 478, 482; 620 NW2d 292 (2001); *Ohio Farmers Ins Co v Shamie*, 243 Mich App 232, 236; 622 NW2d 85 (2000). MCL 600.5838(1) provides as follows regarding the accrual of a professional accounting malpractice claim:

> Except as otherwise provided in section 5838a or 5838b, a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession *accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose*, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. [Emphasis added.]

The question is whether Kallas's work on preparing and filing the 2013 tax returns was a separate matter from the subsequent audit work defendants performed pursuant to the 2018 letter of engagement. In other words, did defendants' services on the tax preparation and filing end upon completion of the 2013 tax returns and their submission to the respective taxing authorities. Based on the retention letters in evidence, I would hold there was no disputed fact but that the services at issue were discrete as to the 2013 returns, and that the claim for any accountant malpractice accrued under MCL 600.5838(1) in 2017, making the claim untimely.

The unsigned retention letter provided the "terms of our engagement" and clarified "the nature and extent of the services" defendant was to provide. To that end, the agreement indicated that defendants "will prepare your 2013 federal and state income tax returns" and that, should there be a subsequent government audit of those returns, defendants "would be available upon request to represent you and will render additional invoices for time and expense incurred." This letter confirms that the 2013 tax preparation work was a discrete service, so much so that if any subsequent audit were to occur, plaintiff would have to request additional services from defendant and, if so engaged, would receive separate billings. No evidence contradicted this written agreement, and therefore once defendants' services were completed as to completing and filing the 2013 return, which was in 2017, plaintiffs' claim accrued. *Levy*, 463 Mich at 489-490. For this reason, I would also affirm the trial court's order granting summary disposition of plaintiffs' accountant malpractice claim. MCR 2.116(C)(7).

/s/ Christopher M. Murray