WILLIAM KILLEFER AND SUSAN S. BRIGGS, EXECUTORS, ETC., v. JOHN C. McLAIN ET AL.

[See 70 Mich. 508.]

*Partnership — Surviving partner a trustee — Administration — Accounting.*

1. A surviving partner becomes a trustee for the representatives of the deceased partner, for the firm creditors, and for himself, and is held strictly as such, and his conduct in discharging his trust is carefully looked after by courts of equity. It is his duty as trustee to keep correct and accurate books of account, which shall show what property he holds in trust, and what disposition he makes of the same. *Perrin v. Lepper*, 72 Mich. 454; *Heath v. Waters*, 40 Id. 464.

2. A surviving partner who obtains the full control of affairs by investing himself with the administration of his deceased partner's estate, assumes new duties and liabilities as a trustee, which facts call for closer scrutiny, and for the application of that wholesome rule that where he has neglected to account for the assets he may be charged with their highest value which the proofs show, and for all rents and profits which he might by judicious management have received without neglect or default; or he may be charged with interest upon the deceased partner's capital. Pars. Partn. 521, note *f*.

Appeal from Van Buren. (Buck, J.) Argued October 30, 1889. Decided December 28, 1889.

Bill for partnership accounting. Defendants appeal. Decree reversed, and new decree entered. The facts are stated in the opinion.

*Howard & Roos*, for complainants.

*Crane & Breck*, for defendants.

CHAMPLIN, J. When this case was before us in June, 1888, we indicated the law which should be applied to

the facts, and the method of accounting which should be pursued. We adhere to the opinion then expressed. 70 Mich. 508 (38 N. W. Rep. 455). The directions given for the accounting have not been followed, and no account has been stated in accordance with that opinion.

Emory O. Briggs and Charles G. Nash signed partnership articles bearing date January 2, 1882. They conducted business under the firm name of Briggs & Nash until August 6, 1882, when Nash died. September 14, 1882, Emory O. Briggs was appointed administrator of the estate of his deceased partner, and made and filed an inventory. Commissioners on claims were either appointed or the claims were allowed by the probate court on March 14, 1883, in favor of defendants Sherman, Sellick, and Stevens. August 6, 1883, Briggs, as administrator, filed a petition in the probate court for leave to file an amended inventory. He did nothing further towards the settlement of the estate after setting out to the widow her statutory allowance. He continued until his death, which occurred in 1885, to carry on business in the firm name of Briggs & Nash, and handled the firm assets as he chose. After his death his executors managed the estate, and in the fall of 1885 filed the bill of complaint in this cause for an accounting and settlement of the partnership affairs of Briggs & Nash, making the administrator of Nash, who was appointed since the death of Briggs, the widow, the only heir, and the three creditors above named, parties.

The decree entered in this Court when the cause was here was to the effect that the whole of the real estate put into the firm of Briggs & Nash by the respective partners constituted firm assets for the payment of partnership debts, and also holding that the individual creditors of Nash had priority as to payment over the debts of the partnership to Briggs or his estate from the assets

of the firm.   It was ordered that the cause be remanded
to the court below, and that further proofs be taken
under the interlocutory decree, and that an account must
be taken and stated before the circuit court commissioner
showing the assets and liabilities, gains and losses, receipts
and disbursements, made by the firm of Briggs & Nash
up to its dissolution by the death of Nash, and the state
of the account between the respective partners and the
firm at the time of dissolution; and also showing what
debts have been paid by the surviving partner, and when
paid, and what he has done with the assets of the firm.

The commissioner to whom the matter was referred
has made a report, or "findings," as they are called, but
he has stated no account.   He states therein that "no
evidence was produced showing what E. O. Briggs has
done with the assets of the firm of Briggs & Nash."   But
he further finds that—

"Emory O. Briggs in his life-time did, by mortgage
and otherwise, dispose of the entire one-half interest in
all the real estate in question to which he had the title;
and that he never accounted to C. G. Nash, nor to the
estate of said Nash, nor to any one else in any way or
manner interested in the estate of said Nash, therefor,
nor of any part thereof, unless he paid partnership debts
as herein stated, and that it is impossible to ascertain
just what sum he realized therefor."

The surviving partner, Emory O. Briggs, upon the
death of his partner, Nash, became a trustee for all con-
cerned in the partnership,—for the representatives of the
deceased partner, for the creditors of the firm, and for
himself.   His trust was to wind up the concern in the
best manner for all interested, and therefore without
unnecessary delay, and his powers were such to enable
him most effectually to execute the trust.     Pars. Partn.
479 (441).   It is said (Id. 442) that—

"The surviving partners are held strictly as trustees,

and their conduct in discharging their trust is carefully looked after by courts of equity."

It is their duty as trustees to keep correct and accurate books of account, which shall show what property they hold in trust, and what disposition they make of the same. *Perrin v. Lepper,* 72 Mich. 454 (40 N. W. Rep. 859); *Heath v. Waters,* 40 Id. 464. Indeed, the partnership agreement between these partners required the same thing. It was, furthermore, his duty to get in and pay the firm debts, and the debts he got in should have been placed to the debit of the late firm, and the debts he paid should have been placed to its credit. 2 Lindl. Partn. 591.

In this case not only was Emory O. Briggs in his capacity of surviving partner a trustee, but he invested himself with the administration of his deceased partner's estate, and thus assumed new duties and liabilities as a trustee, and thus brought his own personal interest as surviving partner into direct conflict with his duty as administrator. In this manner he obtained the full and unrestricted control of affairs, and prevented investigation into his manner of conducting the business. These facts call for closer scrutiny, and the application of that wholesome rule that where he has neglected to account for the assets he may be charged with their highest value which the proofs show, and for all rents and profits which he might by judicious management have received without neglect or default; or he may be charged with interest upon the deceased partner's capital. Pars. Partn. 521, note *f.*

Counsel for complainants insisted, upon the argument before us, that it was impossible for them to make any better or different showing than they had done. We are left, therefore, to direct a decree here which shall end this controversy, and to frame it upon such principles as

shall secure, as near as we can do, the rights of the parties. As it is impossible to inform us what the assets realized, we must pursue the other course, and take the capital as a basis of settlement. There is no difficulty in ascertaining the amount of capital each partner had in the concern, both at the time the partnership commenced and when it terminated. The amount was agreed upon between the parties, and we shall take their statement as evidenced by the partnership agreement and schedules. The assets had not materially changed at the time of Nash's death, and no new debts are shown to have been made. The business shows a small gain, and no losses. Their combined capital exceeded their combined liabilities $6,346.79. Nash's capital put into the concern exceeds Briggs', $876.28. Hence Nash's net capital in the concern was $3,611.53, and Briggs', $2,735.25. We shall take this net capital of Nash's as a basis, and allow interest upon it as below. Upon Nash's death he owed the following individual debts, viz.: One note dated January 4, 1882, of $1,150, drawing interest at 8 per cent., due to F. E. Stevens; one note dated January 1, 1882, of $544.40, drawing interest at 10 per cent., due to A. Sherman; one note dated January 1, 1880, of $528, drawing interest at 8 per cent., due W. J. Sellick. The principal and interest on these notes to December 26, 1889, amount to the following:

| | | |
|---|---:|---:|
| F. E. Stevens, principal | $1,150 00 | |
| Interest | 726 28 | |
| | | $1,876 28 |
| A. Sherman, principal | $ 544 40 | |
| Interest | 430 22 | |
| | | 974 62 |
| W. J. Sellick, principal | $ 528 00 | |
| Interest | 418 21 | |
| | | 946 21 |
| Total | | $3,797 11 |

Interest will be computed upon above net capital
   in sums equal to the principal of these notes,
   respectively, at the same rate of interest, mak-
   ing, with interest_____ $3,797 11
And the balance, $1,389.13, will draw
   interest at 7 per cent. from date of
   articles, namely _____ $1,389 13
      Interest_____ 776 48
                               ————— $2,165 61

                                        $5,962 72

The assets put into the firm will be treated and decreed to belong to the estate of the surviving partner, so far as not disposed of in his life-time, subject to the payment of the partnership debts; but before such debts are paid the executors of the estate of Emory O. Briggs must pay to the defendant John C. McLain, as administrator of the estate of Charles G. Nash, deceased, the sum of $5,962.72, which amount will draw interest at the rates above mentioned from day of the filing of this opinion. The defendants will recover their costs of both courts.

The decree of the circuit court is reversed, and a new decree will be entered here in accordance with this opinion.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.