*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF WILLIAM N. TROMBLY.

---

GARY W. TROMBLY,

　　　　　Petitioner-Appellant,

v

JACQUELINE M. MACKENZIE, personal
representative of the ESTATE OF WILLIAM N.
TROMBLY,

　　　　　Respondent-Appellee.

UNPUBLISHED
December 29, 2020

No. 350432
Macomb Probate Court
LC No. 2018-229112-DE

---

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

In this dispute regarding an accounting of a trust, petitioner appeals as of right the probate court's order denying his request for accounting and granting respondent's request for sanctions. On appeal, petitioner argues the probate court erred when it concluded a decedent's right to an accounting under a trust does not survive the decedent's death. Petitioner also argues the probate court erred when it concluded petitioner did not have standing as an interested party to request an accounting. Lastly, petitioner argues the probate court erred when it sanctioned him for filing his petition. We affirm.

## I. BACKGROUND

This appeal arises from a dispute between petitioner (Gary) and respondent (Jacqueline), who are siblings and the adult children of William N. Trombly and Carole A. Trombly. In 2006, William and Carole created separate revocable trusts, providing support for their spouse after their death and leaving the remainder to their children. In 2014, both William and Carole amended their trusts to provide that, upon the surviving spouse's death, their family farm would be Jacqueline's while Gary would receive their Florida condominium and $100,000, with any remainder being equally divided. William also executed an amendment to his will that poured over into his trust.

-1-

Carole died first, on May 4, 2015. William died on December 16, 2017.

As detailed in the pleadings below, full understanding of the present action requires consideration of the separate legal proceeding arising from Carole's trust in the same probate court before the same judge. On February 27, 2018, Gary, in his capacity as a beneficiary of his mother's trust, filed a petition for trust supervision and requested an accounting related to Carole's trust for the time between Carole and William's deaths—the disputed period at issue here. The probate court granted Gary's request for supervision and granted him an accounting, but only *after* William's death. In so doing, the probate court concluded that, under the terms of Carole's trust, only the current trust beneficiary was entitled to receive an accounting. In particular, the relevant language from Carole's trust provides:

> Following the Donor's death, the Successor Trustee shall furnish, at least annually, to *the current trust beneficiaries* a complete inventory of trust property held in trust in which the current trust beneficiary has an interest, and shall furnish at least annually to each current trust beneficiary an accounting of all receipts, disbursements, and transactions in a manner required by Section 7303(3) of the Estates and Protected Individuals Code. [Emphasis added.]

Thus, Jacqueline, who was appointed to serve as the successor trustee of Carole's trust after her mother's death, was only required to provide a yearly accounting to William, the current trust beneficiary of Carole's trust, until his death. Moreover, the probate court refused to exercise its discretion under MCL 700.7814(4)[1] to require Jacqueline to provide an accounting to Gary regarding the disputed timeframe. Gary did not appeal the probate court's order pertaining to Carole' trust.

Instead, Gary served discovery requests on Jacqueline, seeking accounting information for the disputed period. Jacqueline did not respond to Gary's request, relying on the probate court's earlier ruling as to Gary's entitlement to an accounting under Carole's trust. Gary then moved to compel Jacqueline to respond. The probate court denied Gary's request to compel. Gary did not appeal the probate court's order.

After William's death, Jacqueline sought Gary's cooperation in executing a certificate authorizing her to proceed with the sale of William's 2004 Mercury Grand Marquis, valued at $1,656. Although the car was bequeathed to Jacqueline via William's will, the Secretary of State required Gary to relinquish any rights he had to that vehicle. Gary did not respond to Jacqueline's request.

---

[1] "If the terms of a trust direct that accounts and information be provided to less than all qualified trust beneficiaries, at the court's discretion, the trustee shall provide statements of account and other information to persons excluded under the terms of the trust to the extent and in the manner the court directs."

After an additional failed inquiry, Jacqueline filed this estate case in November 2018, and was appointed the informal personal representative. On April 5, 2019, Gary filed a petition for accounting for the disputed timeframe, not as Carole's beneficiary, but as William's heir.

Gary claimed that as an heir to William's estate, he had a right to request an accounting from Carole's trust for the disputed period "to verify" that William had received the annual accounting that Jacqueline, as trustee of Carole's trust and as power of attorney for William, had a duty to provide. In his request, Gary mentioned that he had not received the $100,000 bequeathed to him, and, at the very least, he was entitled to receive copies of the annual accounting that Jacqueline was required to provide to William in the disputed timeframe.[2]

Jacqueline responded that Carole's trust was not an interested person in this estate proceeding and that the probate court had denied Gary's earlier attempts to obtain an accounting pertaining to the disputed timeframe in the case involving Carole's trust. Jacqueline requested dismissal and costs and attorney fees incurred in responding to Gary's "frivolous and vexatious" petition.

At the hearing on Gary's petition, the probate court noted that he had failed to provide legal authority for his request to revisit the question. The court directed the parties to brief the matter if they wished to proceed, cautioning Gary that, if it ruled against his position, it would consider imposing costs.

Post-briefing, the probate court issued a detailed opinion and order. The court rejected Gary's argument that William's right to an accounting survived his death because Gary failed to provide actual legal authority supporting that proposition. But, even if Gary had done so, the probate court determined that the estate's personal representative, not Gary, was the party entitled to pursue the claim. And, finally, even if Gary was the proper party and William's entitlement to an accounting survived his death, the probate court determined that Gary's only action would have been for a breach of fiduciary duty—Jacqueline's failure to provide William with an accounting. However, Gary failed to allege that Jacqueline had breached her duty by not providing William with an annual accounting or that William had never received an accounting from Jacqueline. For

---

[2] According to Gary, when he inquired about the $100,000, Jacqueline told him that there was no money as it had been spent. Gary asked what the money was spent on and was told "we don't have to tell you." Gary noted that an inventory indicated over $100,000 of new farm equipment was purchased after Carole's death. In the summer of 2015, when Gary asked William about this purchase, William told Gary and Gary's wife that William did not know why Jacqueline was buying a new combine, "but I guess it's her money . . . ." However, from the inventory Gary subsequently received, "it looks like [Jacqueline] paid for [the new farm equipment] out of . . . [Carole's] trust."

In this case, however, the inventory filed lists only the 2004 car as an asset. And, on appeal, appellate counsel has tempered Gary's earlier position, indicating that Gary was advised that the trust monies from Carole's trust had been expended for William's care.

those reasons, the probate court denied Gary's petition.[3]  The probate court also awarded sanctions under MCR 1.109(E)(6), concluding that Gary's petition was ungrounded in law and was merely an attempt to relitigate an issue decided in a separate proceeding.

This appeal followed.

## II.  STANDARDS OF REVIEW

We review a probate court's dispositional rulings for an abuse of discretion.  *In re Temple Marital Trust*, 278 Mich 122, 128; 748 NW2d 265 (2008).  An abuse of discretion occurs when the probate court "chooses an outcome outside the range of reasonable and principled outcomes." *Id*.  We review the probate court's findings of fact for clear error.  *In re Bennett Estate*, 255 Mich App 545, 549; 662 NW2d 772 (2003).  "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*.

## III.  DISCUSSION

### A.  SURVIVAL OF CLAIM OR ACTION AND A REAL PARTY IN INTEREST

Gary contends the probate court erred when denying his petition because William's right to an accounting during the disputed period survived William's death.  Gary further asserts that he, as an interested party and heir to the estate, may exercise William's right.  We disagree.

Under MCL 700.7814(1), a trustee is required to "keep the qualified trust beneficiaries reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests."  Furthermore, "[a] trustee shall send to the distributees or permissible distributees of trust income or principal, and to other qualified or nonqualified trust beneficiaries who request it, at least annually and at the termination of the trust, a report of the trust property, liabilities, receipts, and disbursements . . . ."  MCL 700.7814(3).  "If the terms of a trust direct that accounts and information be provided to less than all qualified trust beneficiaries, at the court's direction, the trustee shall provide statements of account and other information to persons excluded under the terms of the trust to the extent and in the manner the court directs."  MCL 700.7814(4).  And, even though MCL 700.7105(2) specifically provides that the terms of the trust prevail over other statutory provisions in Estates and Protected Individuals Code [EPIC], MCL 700.1101 *et seq.*, the court's power to order the trustee to provide statements of account and other information under MCL 700.7814(4) remains.  MCL 700.7105(2)(j).

Gary asserts that these statutes assured William's right to receive an accounting during the disputed period, a time when only William could assert such a right, survived William's death and passed to Gary.  In support of his argument, Gary cites to MCL 600.2921, *Tkachik v Mandeville*,

---

[3] The probate court also rejected Gary's request for an accounting under MCL 700.5501(3)(c), as an attorney-in-fact for William.  Gary does not challenge this ruling.

487 Mich 38; 790 NW2d 260 (2010), and *In re Rottenberg Living Trust*, 300 Mich App 339; 833 NW2d 384 (2013), and a trio of cases from the late 1800s.

MCL 600.2921 provides "[a]ll actions and claims survive death." Relying on this statute, our Supreme Court concluded that the decedent's estate could seek an award of contribution from the decedent's surviving spouse:

> In focusing on the fact that Janet is deceased, the Court of Appeals implied that, if she had been living, she might have been entitled to contribution, while her estate would not be. This implication is inconsistent with MCL 600.2921, which states, "All actions and claims survive death." If, under the Court of Appeals' rationale, Janet could have sought contribution from defendant while alive, there is no reason why her estate itself should not also be able to seek contribution. See *In re Olney's Estate*, 309 Mich 65, 83; 14 NW2d 574 (1944) ("When the law declares that a cause of action shall survive, it is equivalent to saying an executor may sue upon it." (quotation marks and citations omitted). [*Tkachik*, 487 Mich 60 n 14.]

Similarly, in *In re Rottenberg Living Trust*, this Court held that a decedent's estate had the right to pursue repayment of loans after the decedent's death:

> It is undisputed that the loans at issue in this matter were made solely by Dr. Rottenberg. Dr. Rottenberg therefore held the exclusive right to demand repayment of these loans during his lifetime. The right to demand repayment of a loan or debt is a chose in action, Black's Law Dictionary (7th ed), and therefore an item of intangible personal property, *Royal Oak Twp v City of Berkley*, 309 Mich 572, 580; 16 NW2d 83 (1944). Such a right survives death. MCL 600.2921. Accordingly, under the terms of Dr. Rottenberg's will, the right to demand repayment of the loans became an asset of the ENR Trust immediately upon Dr. Rottenberg's death. [*In re Rottenberg Living Trust*, 300 Mich App at 357.]

In both cases, the parties seeking to enforce the claims of the decedents were the real party in interest, i.e., the trust, in the case of *In re Rottenberg Living Trust*, and the estate, in the case of *Tkachik*. To the extent William's right to seek an accounting survived his death—a question we need not decide—that right may only be exercised by the estate.[4]

"A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *In re Rottenberg Living Trust*, 300 Mich App at 356 (quotation marks and citation omitted). "The real-party-in-interest rule requir[es] that the claim be prosecuted by the party who by the substantive law in question owns the claim asserted . . . ." *Id.* (quotation marks and citation omitted) (alteration in original). Thus, in the

---

[4] Gary's reliance on *Killefer v McLain*, 78 Mich 249; 44 NW 405 (1889); *Perrin v Lepper*, 72 Mich 454; 40 NW 859 (1888), and *Heath v Waters*, 40 Mich 457 (1879), is misplaced. None of them were decided under the EPIC. Moreover, each of them held that surviving business partners must provide accountings to a decedent's estate for actions taken with respect to the business after the decedent's death. *Killefer*, 48 Mich at 252; *Perrin*, 72 Mich at 546; *Heath*, 40 Mich at 464.

context of an estate, the personal representative is the individual charged with "[p]rosecut[ing] or defend[ing] a claim or proceeding in any jurisdiction for the protection of the estate . . . ." MCL 700.3715(1)(x).

*In re Rottenberg Living Trust*, a case upon which Gary relies, demonstrates the application of the real-party-in-interest-doctrine. There, we concluded that the decedent's right to seek repayment of loans survived his death. *In re Rottenberg Living Trust*, 300 Mich App at 357. We also determined that the beneficiary's claim regarding ownership of the right to demand repayment of loans should have been dismissed because the beneficiary was not the real party in interest:

> We conclude that Mark was not the proper party to pursue the instant claims concerning the ownership of the right to demand repayment of the loans from Dr. Rottenberg, which belonged exclusively to the trustee of the ENR Trust, Lauren Underwood. In general, "[a]n action must be prosecuted in the name of the real party in interest . . . ." MCR 2.201(B). The essence of Mark's argument is that the right to demand repayment of the loans made by Dr. Rottenberg to the ranch entities was not gifted to Joan and that, among other things, the value of the outstanding loans should therefore be used to offset any distributive share to which Joan would otherwise be entitled. It is the duty of the trustee to administer the trust for the benefit of the beneficiaries, MCL 700.7801, to control and protect the property of the trust, MCL 700.7810, to enforce any claims of the trust, MCL 700.7812, and to marshal and collect outstanding trust property, MCL 700.7813(1). There can be no doubt that the trustee of the ENR Trust is the party who actually owns the claims asserted by Mark in this matter. [*Id*. at 356.]

In this case, Gary seeks an accounting during the disputed period. If such a claim survived William's death, it would be a claim held by the estate. Under MCL 700.3715(1)(x), that claim would belong to the estate and is exercisable by Jacqueline, the personal representative of the estate, and not Gary. See *In re Rottenberg Living Trust*, 300 Mich App at 356.

Gary counters the real-party-in-interest doctrine by asserting that he has the right to seek an accounting under MCL 700.1302. First, we note that Gary failed to raise this argument below.[5] "We review unpreserved challenges for plain error." *Total Armored Car Serv, Inc v Dep't of Treasury*, 325 Mich App 403, 412; 926 NW2d 276 (2018). "To establish an entitlement to relief based on plain error, the injured party must show (1) that an error occurred, (2) that the error was plain and (3) that the plain error affected [its] substantial rights." *Id*. (quotation marks and citation omitted) (alteration in original). "To merit relief, the injured party must show prejudice, i.e., that the error affected the outcome of the . . . proceedings." *Id*.

Gary argues under MCL 700.1302(d), the probate court had jurisdiction to "order, upon request of an interested person, instructions or directions to a fiduciary that concern an estate within

---

[5] We recognize that the probate court first raised the real-party-interest flaw with Gary's argument that he was entitled to pursue William's right to an accounting in its opinion.

the Court's jurisdiction." To that end, Gary claims he is an interested person under MCL 700.1105(c), which provides:

> "Interested person" or "person interested in an estate" includes, but is not limited to, the incumbent fiduciary; an heir, devisee, child, spouse, creditor, and beneficiary and any other person that has a property right in or claim against a trust estate or the estate of a decedent, ward, or protected individual; a person that has priority for appointment as personal representative; and a fiduciary representing an interested person.

Gary's argument fails under MCL 700.1302, because Gary is not seeking an order concerning the estate; instead, Gary seeks an order concerning Carole's trust. Regardless of whether Gary is an interested person for purposes of MCL 700.1105(c), Gary cannot rely on MCL 700.1302(d), relating to estates, to obtain an order of accounting from the trust. Accordingly, the probate court did not err, let alone plainly err, when it did not grant Gary relief as an interested person.[6]

## B. SANCTIONS

Lastly, Gary contends the probate court should not have assessed sanctions against him for filing the petition. The probate court concluded sanctions were warranted because Gary failed to support his arguments with citation to relevant legal authority and was attempting to relitigate an issue already decided in a separate proceeding.

We review a lower court's decision to impose sanctions under MCR 1.109 for clear error. *Guerrero v Smith*, 280 Mich App 647, 677; 761 NW2d 723 (2008). "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Id*.

Under MCR 1.109(E)(5), when a person files a document with the court, that person certifies that: (1) "he . . . has read the document," (2) "to the best of his . . . knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and (3) "the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." See also *Kaeb v Kaeb*, 309 Mich App 556, 565; 873 NW2d 319 (2015). "If a document is signed in violation of [MCR 1.109],

---

[6] Gary alternatively argues that if we do not conclude he is entitled to an accounting, the probate court should have removed Jacqueline as personal representative because she has a conflict of interest by also serving as the trustee of Carole's trust. Because Gary simply mentioned removal as an alternative form of relief in his brief below, we decline to address whether removal is warranted because Gary did not petition to remove Jacqueline as the estate's personal representative. See MCL 700.3611(1) ("An interested person may petition for removal of a personal representative for cause at any time. Upon the filing of a petition, the court shall fix a time and place for hearing. The petitioner shall give notice to the personal representative and to other persons as the court orders.").

the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." MCR 1.109(E)(6); see also *Kaeb*, 309 Mich App at 565. "Sanctions are mandatory if a court determines that a document was signed in violation of MCR [1.109]." *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 76; 903 NW2d 197 (2017).

Gary's initial petition seeking an accounting of the trust was devoid of citation to legal authority for the core argument raised—i.e., that Jacqueline had a duty to provide an accounting of the disputed period to Gary. During oral argument regarding the petition, the probate court stated:

> Well the problem is this, you did not address, legally, what you're relying on to once again raise the issue. And I'll order you to brief it if you intend to proceed on the petition . . . .

Gary thereafter filed a brief in support of his petition. Gary argued:

> In addition to the express language of the trust, the decedent further stood entitled to full accountings and disclosure under the Estates and Protected Individuals Code. The decedent's right to an accounting as well as the right to redress any wrongdoing by the trustee is a contractual chose in action that survives to the Estate. Accordingly, the decedent's right to the accountings can be enforced by an interested party through the decedent's estate.

None of the arguments raised by Gary above contained any citation to legal authority. Moreover, in his appellate brief, Gary does not challenge the probate court's factual conclusion that his petition was filed "in an attempt to re-litigate a previously decided issue." Accordingly, the probate court did not clearly err by imposing sanctions under MCR 1.109.[7] See *Vittiglio v Vittiglio*, 297 Mich App 391, 406-407; 824 NW2d 591 (2012) (determining that trial court did not clearly err when imposing sanctions for filing of frivolous motions).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica

---

[7] Gary did not appeal the probate court's opinion and order insofar as it rejected his attorney-in-fact argument.